Harriet Dannenberg, Administrator of the Estate of Otto Dannenberg, Deceased, Plaintiff-Appellant, v. John Frantz, et al., Defendants-Appellees.

Gen. No. 48,584.

First District, First Division.

April 22, 1963.

John L. Roach, of Chicago, for appellant.

Arthur C. Thorpe, Corporation Counsel, for Village of Oak Park, of Chicago, for appellees.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Plaintiff's decedent,* a retired fireman, brought this action against the Trustees of the Firemen's Pension Fund of the Village of Oak Park seeking an order directing defendants to enroll him as a pensioner. The trial court entered a judgment denying a pension to plaintiff but directing defendants to refund the contributions which plaintiff had made to the fund. From this order, plaintiff has appealed.

Judgment was entered on the pleadings, and there is no contention that any issue of fact is presented.

On May 1, 1953, plaintiff, then 43 years of age, retired after 22 years of service as a full-time fireman. During his period of service plaintiff had made monthly contributions to the pension fund as required by the statute under which defendants established and administered the fund. (Ill Rev Stats, c 24, §§ 918 to 930.1.)

Section 924 of that Act provides in pertinent part as follows:

> Any fireman of any such . . . village, . . . ,
> after having served twenty (20) years as a fire-

---

* In the rest of the opinion the word "plaintiff" will refer to Otto Dannenberg who died while this appeal was pending.

man, may retire from active service, and when such retired fireman reaches the age of fifty (50) years the board shall order and direct that such fireman shall be paid a monthly pension equal to one-half the amount of monthly salary attached to the rank which he may have held in the fire service at the date of his retirement: *Provided, that the retired fireman has remained in good standing by paying to the treasurer of the board all his monthly contributions from the time of his retirement until he reaches the age of fifty (50) years as required by this Act.* (Emphasis supplied.)

After his retirement plaintiff stopped making monthly payments to the fund, and some five months later asked defendants for a refund of all the contributions he had made. This request was denied. On August 14, 1959 plaintiff reached the age of 50 years and thereafter tendered to defendants $1,463.76 as the total of accumulated monthly payments due to the fund from the date of his retirement to his fiftieth birthday. Plaintiff claimed that, on the basis of this tender, he became qualified for a pension. The tender was refused and this litigation followed.

As stated in his brief, the theory of plaintiff's appeal is that, "since the Act provides no machinery for a refund to him of his contribution, although it does provide for a refund for those of lesser years of service,* the Act therefore contemplates that he will

---

* Section 924 of the Act further provides:

Any fireman of any such . . . village, . . . , who after having served ten (10) years and less than twenty (20) years resigns or is discharged from the fire service and who has not theretofore received any disability pension payments, shall be entitled to a refund of the total amount contributed to the fund herein provided for, as a result of deductions from his salary or wages during such period of service, . . . .

152

some time receive a pension upon payment by him of the contributions due to the fund from the time of his separation from the service to his 50th birthday."

██ With this contention, we cannot agree. Under the Act, deductions are uniformly made from the salaries of firemen, and the "contributions" are, therefore, compulsory and a condition of employment. (Ill Rev Stats, c 24, § 920.) In such a situation, the amounts withheld never become the private moneys of the firemen, and no vested rights arise. Interpreting a similar pension statute for policemen, the Second District Appellate Court said, in Blough v. Ekstrom, 14 Ill App2d 153, 160, 144 NE2d 436:

> . . . Such a pension under such a statute is in the nature of a bounty springing from the appreciation and graciousness of the sovereign, and may be given, withheld, distributed, or recalled at its pleasure; the compulsory contributions into the fund by way of exaction from the salaries of the police officers are not in fact payments by the officers; their employment is accepted with knowledge that certain amounts will be deducted each month and placed in the pension fund; such are not first segregated from the public funds so as to become the private property of the officers and then turned over to the pension fund, but are set aside or transferred from one public fund to another, and remain public money to be dispensed or withdrawn at will and over which the officer from whose salary they are deducted has no control and in which he has no right: Raines v. Board of Trustees (1937) 365 Ill 610; Eddy v. Morgan (1905) 216 Ill 437.

██ It appears to us, therefore, that, since plaintiff does not have a vested right to receive a pension, he becomes eligible only through compliance with the

153

conditions set forth in the statute. The critical sentence in Section 924 reads: "Provided, that the retired fireman *has remained* in good standing by paying to the treasurer of the board *all of his monthly contributions* from the time of his retirement until he reaches the age of fifty (50) years as required by this act . . . ." (Emphasis supplied.)

The only authorities cited by plaintiff in support of his interpretation of this language are the cases holding that a pension act should be examined in its entirety to determine the legislative intent, and that it should be construed liberally to effectuate its purposes. (Boehne v. Board of Trustees Firemen's Pension Fund of Springfield, 313 Ill App 291, 40 NE2d 94; Blough v. Ekstrom, 14 Ill App2d 153, 144 NE2d 436; People ex rel. Campbell v. Swedeberg, 351 Ill App 121, 113 NE2d 849.) In our opinion these decisions are of no assistance to plaintiff because his reading of the statute requires a strained construction of ordinary words. Thus, plaintiff's interpretation ignores "the rule of law that pension acts should be liberally construed to effect the object to be accomplished but that if the legislative intention is plain from the language used, the courts are not permitted to give the Act a meaning not expressed in it." (People ex rel. Campbell v. Swedeberg, 351 Ill App 121, 125, 113 NE2d 849. See also Sup v. Cervenka, 331 Ill 459, 461, 163 NE 396.)

Returning to the language of the statute in question, we fail to see how a retired fireman could possibly *remain* in good standing while allowing his *monthly* contributions to lapse for seven years. And certainly no language is to be found specifically authorizing him to cure such a default by making a lump sum payment, even though the concept of reinstatement to good standing is frequently expressed in other pension statutes.

154

It seems likely also that the view urged by plaintiff would upset the actuarial soundness of the pension program. It would surely be the normal expectancy that some of the firemen who retire before reaching age 50 would die before reaching fifty. In such cases no pensions would ever be due, and the monthly payments which had been made would have been available to help fund the other pension obligations of the trustees. Under plaintiff's contention, no monthly payments would ever be made by a retired fireman until such time as he would immediately become entitled to a pension upon the making of the kind of lump sum payment which was tendered by plaintiff. What the difference in cost of such a plan would be, we don't know, but there would necessarily be a difference when compared with the plan which was adopted by the legislature in the instant case.

As part of its judgment order the trial court directed defendants to return to plaintiff the payments he had made to the fund in the total amount of $1,485.-53, with interest at 5% from September 30, 1953, the date of plaintiff's demand for refund. Since defendants have filed no cross appeal, the propriety or legality of this order is not before us, and we make no decision in regard thereto.

Affirmed.

BURMAN, P. J. and MURPHY, J., concur.