89 Ill. App.2d 126 (1967)
231 N.E.2d 257
John L. Giuliano, Plaintiff-Appellee,
v.
Board of Trustees of the Firemen's Pension Fund of the City of Elgin, Illinois, Defendant-Appellant.
Gen. No. 67-53.
Illinois Appellate Court  Second District.
November 21, 1967.
John P. Callahan, Jr., of Elgin, for appellant.
Richard W. Husted, of Elgin, for appellee.
MR. JUSTICE MORAN delivered the opinion of the court.
*127 On July 15, 1952, the plaintiff became a member of the Fire Department of the City of Elgin in Kane County. On July 16, 1962, he wrote a letter tendering his resignation which became effective as of that date. The Department records show that the plaintiff was not on the payroll from September 22, 1960, to January 19, 1961, due to illness. The records further show that he did not perform any duties and was off the payroll from April 29, 1962, to July 16, 1962, again apparently due to illness. The plaintiff made voluntary contributions to the fund covering the period of his illness in 1962, but it appears that there was no contribution, voluntary or otherwise, from July 1, 1962, to July 15, 1962.
Following his resignation, plaintiff made application to the defendant Board for a refund of all sums which he contributed to the fund. The Board held a hearing and denied his petition. Plaintiff then filed a complaint for administrative review and the trial court reversed the administrative agency and directed the refund.
The administrative agency brings this appeal asserting first, that its findings and conclusions are prima facie true and correct; second, that it is under a statutory duty to protect the fund and pay out only to those persons designated by the Legislature; third, that a participant in the fund has no vested right in the contributions made by him; and fourth, that the intent of the statute is to prohibit a refund to those who have served less than ten years.
The applicable statute, at the time of the plaintiff's resignation, provides in part as follows:
"... Any fireman of any such city, township, village, incorporated town, or fire protection district, who after having served ten (10) years and less than twenty (20) years resigns or is discharged from the fire service and who has not theretofore received any disability pension payments, shall be entitled to a *128 refund of the total amount contributed to the fund herein provided for, as a result of deductions from his salary or wages during such period of service, provided, however in the event of his re-employment in the service, such prior period of service shall not be included in determining his eligibility to a pension, unless he reimburses the fund in full for the amount refunded, upon his reentry into the fire service." (Ill Rev Stats 1961, c 24, § 924.)
[1] It is clear that the pension laws of this state should be liberally construed to effect their purpose. Dannenburg v. Frantz, 41 Ill. App.2d 150, 154, 190 NE2d 132 (1963).
The parties would have us consider such matters as the intent of the Legislature, the right of the trial judge to reverse the administrative agency on questions which the parties dispute to be law or fact, and whether or not the Board is estopped to refuse making a refund because of statements made to the plaintiff to the effect that if he would resign his contributions would be paid back.
All of the foregoing issues are at most peripheral and their discussion would merely becloud the one issue in the case.
[2] The statute before us is perfectly clear. We do not need the aid of the rules of construction to determine the legislative desire. The Legislature had full power to direct the raising and distribution of the pension fund. We have no right to modify the legislative language and our only duty is to follow that direction, Stiles v. Police Pension Fund, Board of Trustees, 281 Ill. 636, 642, 118 NE 202 (1917).
The statute in question provides that if a fireman serves ten years and less than twenty years, and then either resigns or is discharged, he is entitled to a refund of the amount contributed by him. The statute simply *129 requires that he serve the time; it does not require that he make the payments because, as the statute indicates, he only gets a refund of those amounts paid by him. The fact that the plaintiff did not make the payment for his last two weeks of service, therefore is immaterial, since, if he did not make the payment, he would not be entitled to a refund of that amount.
The Board argues that the plaintiff did not serve the entire ten years because he was off the payroll on several occasions due to illness. They draw our attention to the paragraph of the same statute which precedes the paragraph hereinbefore quoted and which provides in part as follows:
"In computing the time for the purpose of determining whether a fireman has served twenty years under the provisions of this Section, no furloughs without pay exceeding thirty (30) days in any one year shall be counted, but all leaves of absence on account of any illness of or accident occurring to any such fireman, regardless of the length thereof, as well as all periods of disability retirement for which such fireman shall not have received any disability pension payments under the provisions of Section 5 of this Act shall be counted...." (Ill Rev Stats 1961, c 24, § 924.)
It appears from the record that all of plaintiff's absences were due to illness, but even if this were not the case, it is apparent from the language of the statute last cited that the definition of "service" only applies to cases where service has been of twenty years duration and the application is for a pension, not a refund as in the present case. Had the Legislature intended the definition to apply to both pensions and refunds, then they would have said so. The judiciary may not invade the legislative province and extend the statute.
*130 [3] The facts in the case at bar disclose that the plaintiff neither resigned nor was he discharged by the defendant during the period of his employment from July 15, 1952, to July 16, 1962. In other words, he served for ten years without receiving any disability pension payments and therefore is entitled to a refund of his contributions into the pension fund.
Having reached this conclusion, we find it unnecessary to decide the other issues raised by the parties, and the judgment of the trial court is affirmed.
Judgment affirmed.
DAVIS, P.J. and ABRAHAMSON, J., concur.