People of the State of Illinois, Plaintiff-Appellee, v. Warren Bryant, Defendant-Appellant.

Gen. No. 51,630.

First District, Second Division.

October 22, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (James J. Doherty, Marshall J. Hartman, Assistant Public Defenders, and Professor James R. Thompson, Northwestern University School of Law, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Francis J. Carey, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendant, Warren Bryant, was indicted for the unlawful sale of a narcotic drug, in violation of Ill Rev Stats 1965, c 38, § 22–3. After a jury trial he was found guilty as charged and sentenced to the Illinois State Penitentiary for a period of 10 to 15 years. Defendant appeals, contending that his oral confession was incompetent and inadmissible because he was unaware of his constitutional rights and under the influence of narcotic drugs; that the trial court erred in admitting into evidence the testimony and information received from the informers; and that, since the confession was inadmissible, other evidence presented by the State did not prove defendant's guilt beyond a reasonable doubt.

Before trial, defendant's counsel presented a motion to suppress all evidence obtained by the arresting officers at the time of arrest, including defendant's oral admission, contending that the police had no reasonable cause for the arrest. The court denied that motion.

For the State, Kenneth Fason, also known as Raymond Savoy, testified that on February 17, 1965, he went to the arresting police officers and stated that he could make a purchase of narcotic drugs that evening. He was searched by the officers and given a five-dollar bill and five singles in marked money, and a radio transmitter. The two officers and Fason then went to the area of 63rd and Dorchester in Chicago where Fason entered a bar called the Zebra Lounge. He met the defendant and arranged to buy some narcotics from him. They then met about a block from the bar, where the sale took place. By use of the radio transmitter, Fason notified the police of the location and gave a description of defendant who was entering a nearby liquor store. One of the officers went to the liquor store and arrested defendant and another man. Meanwhile, Fason had given the other officer the package containing the narcotics and the remaining marked dollar bill. Fason also testified that he had been a drug addict for about ten years,

although he was not an addict at the time of trial. He had been charged with selling narcotics. This charge was stricken with leave to reinstate on the condition that he cooperate with the police, and Fason had participated in controlled purchases of narcotics on several prior occasions. During the hearing on defendant's pre-trial motion to suppress the evidence, one of the police officers stated that he had given Fason some money from time to time for rent and food.

The two police officers testified that after arresting the defendant, they took him to a fire station and searched him. The search revealed four of the marked dollar bills. Defendant was informed that he was charged with a sale of narcotic drugs, and he admitted the sale. The package recovered from Fason was found to contain heroin.

On his own behalf, the defendant testified that he did not sell drugs to Fason, and denied making an oral confession to the police officers. He testified that he and two friends went to buy some narcotics from a seller and that he purchased two five-dollar bags of heroin. He and a friend then injected themselves with the heroin, went to a bar for a beer and then went to a liquor store to buy some more beer. They were arrested as they walked out of the liquor store.

Defendant contends that his oral admission was involuntary because of the circumstances under which it was given. He claims that not only was he uninformed of his constitutional rights, but that he was also under the influence of narcotic drugs and the cumulative effect of all these circumstances surrounding the confession made the defendant unaware of the consequences of his statements, thus making his confession involuntary and inadmissible.

The admission or confession was introduced at trial in the following manner:

317

"STATE'S ATTORNEY: Q: Detective, at the time when you talked by the sink, with Mr. Bryant and Detective Kelly, what was said by Bryant and by yourself?

"A: I said to Warren Bryant, 'I have a sale of heroin on you.' And then I showed him the money, the four one-dollar bills. And I turned to the mark that we had. And I told him that he was under arrest for sale of heroin. And he said to me, 'I sold the stuff to your man but I'd copped from someone else.'

"And I said to him, 'If you copped from somebody else how come all the money isn't here and where is the other money?'

"And he said . . . ."

██ Although our Supreme Court has stated that there is "a distinction between a statement which is only an admission and one which constitutes a confession of guilt . . . ." People v. Georgev, 38 Ill2d 165, 230 NE2d 851 (1967), the distinction is immaterial for purposes of admitting an involuntary statement. People v. Knox, 90 Ill App2d 149, 234 NE2d 128 (1967).

At trial defendant's counsel did not object to the admission on the ground that it was involuntary, and the trial court at no time ruled on that issue. Thus we must first decide whether defendant, who was adequately represented at trial, can raise this issue for the first time on appeal.

 In Jackson v. Denno, 378 US 368 (1965), the United States Supreme Court held that a defendant in a criminal trial has a procedural due process right to a fair hearing and a reliable determination of the voluntariness of his confession. In Illinois, a defendant may raise the issue either by pretrial motion or when the confession is introduced into evidence by the State. People v. Strader, 38 Ill2d 93, 230 NE2d 569 (1967). And

318

once the issue is raised, the trial court must even on its own motion conduct a hearing on the voluntariness of the statement. People v. Taylor, 33 Ill2d 417, 211 NE2d 673 (1965). However, if defendant was adequately represented at trial and did not there question the voluntariness of his confession, he cannot raise the issue on appeal. People v. Hiller, 7 Ill2d 465, 131 NE2d 25 (1955); People v. French, 33 Ill2d 146, 210 NE2d 540 (1965). We so hold in the instant case. The due process requirements set forth in Jackson v. Denno, supra, do not require that a hearing on voluntariness must be had; it is enough if defendant had a sufficient opportunity to question the confession. It is up to him and his counsel to take advantage of the opportunity.

▪ Moreover, we find nothing in the record to indicate that defendant's confession was involuntary. While defendant was not warned of his right to remain silent as required in Miranda v. Arizona, 384 US 436 (1966), this case was tried prior to Miranda, and in Johnson v. New Jersey, 384 US 719 (1966) the court stated that the Miranda rule would not be retroactive. Defendant was not detained for the purpose of obtaining a confession. He did not allege that he was mistreated by the police officers in any way, and in fact testified that he was at the fire station, where the admission was made, only for about 15 or 20 minutes. All the record does indicate is that when one police officer informed him that they had a sale on him, defendant agreed and tried to explain his actions.

▪ However, defendant asserts that one who is under the influence of a narcotic drug is not mentally competent to give a full confession, citing various medical authorities and also citing Hansford v. United States, 365 F2d 920 (DC Cir, 1966). Without considering the question of whether a person under the influence of heroin is competent to give a full confession, we find that there is nothing in the record to sustain defendant's claim

319

that he was under the influence of narcotics. Defendant testified that he had been an addict for several years and that he had injected himself with five dollars' worth of heroin prior to his arrest. Other than the dollar amount, no evidence was introduced to indicate how much heroin he had taken, of what quality it was, or what effect it had on defendant. Nor did defendant testify as to any ill effects from taking the drug. Defendant's testimony shows that he had a vivid recollection of events prior to and after his arrest, and there was no indication that he was behaving in an abnormal manner when arrested. We find that the oral admission was properly admitted into evidence.

Defendant next contends that the evidence obtained from the informer is inadmissible because in violation of Ill Rev Stats 1965, c 38, § 201–51, which provides that:

> No state, county or municipal officer, whose duty it is to investigate the commission of any crime or to prosecute persons accused of crime, shall employ any detective or investigator on a compensation basis other than that of time, and in no event shall compensation to such persons be contingent on the success of the investigation or prosecution. Evidence obtained in violation of this act shall be inadmissible in any court in this State for any purpose and any person employed in violation of this act shall be incompetent to testify in any such court as to any information or evidence acquired by him in such employment.

Defendant argues that since Fason was employed by the police as an investigator on a compensation basis other than time, his testimony and the evidence obtained by him were inadmissible. We find that such was not the case.

Defendant concedes that in People v. Jones, 75 Ill App2d 332, 221 NE2d 29 (1966), this court held that the above statute was not applicable to an informer. However, defendant urges that the instant case is distinguishable from Jones because Fason's participation was much more active. Defendant points out that police had given Fason money for food, rent and incidentals, and that one of the officers testified that he had been instrumental in having the criminal charge against Fason stricken because of his help to the police in this transaction. Defendant also notes that Fason was provided with a radio transmitter, marked money, and was taken to the area by the police. We are not persuaded that these facts change Fason's participation from the status of informer to that of an investigator within the meaning of the statute.

■ ■ Statutory construction is a question of law. Anderson v. City of Park Ridge, 396 Ill 235, 72 NE2d 210 (1947). The Illinois Supreme Court has held that:

> ". . . in the absence of statutory definitions indicating a different legislative intention, the courts will assume that words have their ordinary and popularly understood meanings." Farrand Coal Co. v. Halpin, 10 Ill2d 507, 510, 140 NE2d 698 (1957).

Webster's Seventh New Collegiate Dictionary (1965) defines "detective" as one "fitted for, employed for, or concerned with detection." And to "investigate" is "to observe or to study by close examination and systematic inquiry." Defendant admits in his brief, and we so find, that Fason's primary duty was to make a controlled purchase of narcotics, and later to testify to the purchase. He was neither in the process of detection nor investigation; rather, he was a tool in the investigation being conducted by the police officers. Therefore, we find that Fason was not a detective or investigator within the

ordinary meaning of these words, and the statute is inapplicable to the present situation.

Because we find that all the evidence brought out at trial was admissible, we will not consider defendant's allegation that the evidence without the confession did not prove his guilt beyond a reasonable doubt.

For the foregoing reasons, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

BURKE, P. J. and LYONS, J., concur.