THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BENJAMIN JIMERSON, Defendant-Appellant.

(No. 58597; ▆▆▆▆▆▆▆

First District (4th Division)—February 27, 1974.

James J. Doherty, Public Defender, of Chicago (Donald S. Honchell and Ronald P. Alwin, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Mary Ellen Dienes, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:

The defendant-appellant was charged with the misdemeanor offenses of battery and theft. In a bench trial the defendant was found guilty on the battery charge and sentenced to a term of 6 months at Vandalia. The defendant was discharged on the theft complaint. The issue raised in this appeal is whether the defendant was denied his constitutional rights and deprived of a fair trial when oral statements taken after his arrest were admitted into evidence without proof by the State of their voluntariness or demonstration of the sufficiency of the necessary *Miranda* warnings.

The complainant, Linda McAlpin, testified for the State that on October 19, 1972, at approximately 12:30 or 1:00 P.M., she left a beauty parlor at North and Orchard Avenues and noticed several of her friends across the street in an auto. She stopped to talk to them and saw the defendant in the back seat of the car. They offered the complainant a ride home and she accepted. Upon arriving at the complainant's residence, the group entered her apartment and she served them some kool-ade. The defendant was in the group but was not introduced to the complainant. After finishing the kool-ade the complainant's friends and the defendant left the apartment.

Miss McAlpin testified that about a quarter after three on the same afternoon she heard a knock on her door. She asked who it was and a voice replied, "Bear", the man who had been there with her friends, and that he had left his keys inside. The complainant testified she opened the door and a man entered, pulled a knife and demanded money. The complainant told the man she had no money but he began emptying drawers in the apartment and hitting her. She testified she told her assailant that someone was coming home about 3:30 and he replied he would leave as soon as she gave him the money. At this time complainant's little girl came in and the man put the knife in his pants. Miss McAlpin stated she was struck ten or twenty times and that the man took a small pendant watch on a chain.

The police were called and Miss McAlpin was taken to the hospital for treatment. Later the same evening, Miss McAlpin was called to the police station to view a police line-up. She identified the defendant as her assailant.

The State also called Officer Joseph Myrus and he testified that he had been assigned to investigate the robbery complained of by Miss McAlpin. Officer Myrus stated that he and his partner had been sent to Augustana Hospital and they interviewed the complainant there. The complainant gave the police a description of her assailant.

The defendant was arrested in his cousin's apartment. Officer Myrus stated the defendant was arrested and advised of his rights. According to Officer Myrus the defendant at this time denied knowing the complainant, being in the car and going into the apartment. The defendant was subsequently taken to the police station where he was identified in a line-up by the complainant. After the line-up another conversation was had with the defendant. Officer Myrus stated the defendant was advised of his rights and at this time the defendant stated he had been in the car earlier in the afternoon and had gone up to Miss McAlpin's apartment with the group.

The defendant testified on his own behalf and stated he had met the

complaining witness on October 19, 1972. According to the defendant, after the complainant got into the car they did not go directly to her residence but went to a friend's house because the complainant wanted to buy some "dope". However, a purchase could not be made and the defendant stated Miss McAlpin requested some money. The defendant testified he gave the complainant some money and then the group went to her apartment and remained there for about 2 hours. The group then left and the defendant stated he returned to his cousin's house. The defendant denied returning to the complainant's apartment. He also denied striking the complainant or taking a watch from her. The defendant did testify that he had been advised of his rights but that he told the police at the time of his arrest and later during the conversation at the police station, that he knew the complainant but that he had not robbed her.

In rebuttal, Miss McAlpin testified that she did not go to anyone's house to attempt a purchase of narcotics. The trial court found the defendant guilty on both charges, but after the hearing in aggravation and mitigation, discharged the defendant on the theft charge. As stated previously, the defendant was sentenced to 6 months at Vandalia on the battery charge.

The defendant maintains he was denied his constitutional rights and deprived of a fair trial when Officer Myrus testified as to statements made by the defendant without specifying what warnings were given to the defendant. It is contended that the defendant's Fifth and Sixth Amendment rights were violated and that the mandate of *Miranda v. Arizona,* 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602 (1966), was not followed. The defendant maintains that the State failed to demonstrate that the statements were voluntarily given with full understanding of the possible consequences. It is the defendant's contention that this testimony of Officer Myrus was most damaging because it showed that the defendant had changed his story from first denying he knew the complainant to later admitting he had been at the place of the alleged offense.

The case of *People v. Bryant,* 101 Ill.App.2d 314, 243 N.E.2d 354 (1968), is dispositive of the case at bar. The defendant did not question the voluntariness of his statements in either a pre-trial motion to suppress or at the trial. As stated in *Bryant* at 319:

"* * * if defendant was adequately represented at trial and did not there question the voluntariness of his confession, he cannot raise the issue on appeal. *People v. Hiller,* 7 Ill.2d 465, 131 N.E.2d 25 (1955); *People v. French,* 33 Ill.2d 146, 210 N.E.2d 540 (1965). We so hold in the instant case. The due process requirements set forth in *Jackson v. Denno, supra,* do not require that a hearing on voluntariness must be had; it is enough if defendant

had a sufficient opportunity to question the confession. It is up to him and his counsel to take advantage of the opportunity."

The *Miranda* decision makes no distinction between inculpatory and exculpatory statements and likewise, while the *Bryant* decision was concerned with a confession the rule enunciated there is equally applicable to exculpatory statements such as the defendant made in the case at bar. Neither defendant nor his counsel took advantage of the opportunity to raise the issue of the voluntariness of his statements in the trial court. He cannot raise the issue for the first time on appeal.

■■ We are of the opinion that the evidence clearly established the defendant's guilt beyond a reasonable doubt. Therefore, the circumstances of this case do not warrant consideration of the question presented under the plain error doctrine. (Ill. Rev. Stat. 1971, ch. 110A, par. 615(a).) The judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DIERINGER and JOHNSON, JJ., concur.