THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES V. PLACEK, Defendant-Appellant.

(No. 73-446;

Second District (1st Division)—February 11, 1975.

Marco and Mannina, of Downers Grove, for appellant.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

Following a bench trial, the defendant was convicted of theft and sentenced to a term of 1 to 3 years in the penitentiary. On appeal, he contends that his constitutional and statutory right to a speedy trial was violated, and that therefore the conviction should be reversed. In the alternative, he asserts that the case should be reversed and remanded for a new trial on the ground that the trial court failed to conduct hearings (1) on the voluntariness of his admissions and (2) on the voluntary nature of his consent to the search of his apartment, and that this constituted error. We disagree and affirm.

The facts relevant to the narrow issues presented for review are somewhat complicated. The defendant, James V. Placek, and a codefendant were arrested on November 26, 1970, for the theft of four television sets taken from the Willowbrook Holiday Inn Motel. Both were originally indicted for this offense in Indictment No. 70-3389G. It appears that in the pretrial stages under this indictment, the defendant was represented initially by Mr. Cogan, who attempted to negotiate a plea. A substitution

of attorneys was allowed, whereupon the defendant was represented by Mr. Lucas. Mr. Lucas filed a motion to suppress certain evidence, and a hearing was held; the motion was denied, and the case was set for trial for November 8, 1971.

On the morning of November 8, 1971, another attorney, Marco, informed the court that Mr. Lucas, the attorney of record, was going to ask leave to withdraw and that the defendant again requested a substitution of attorneys. Mr. Marco requested that the court also grant a continuance to enable him to familiarize himself with the case. The trial judge refused to grant these motions, indicating that they were dilatory in nature and insisted that the case proceed to trial as scheduled. The court informed the defendant of his right to a jury trial, and the defendant executed a jury waiver. It should be noted that Mr. Marco did not enter an appearance as the attorney of record at this time. Mr. Lucas, the attorney of record, then presented a motion for a continuance, which was denied.

After a brief recess, the case was called for trial, at which time the assistant State's attorney moved to nol-pros the case because of a defect in the indictment regarding ownership of the television sets. At the same time, he informed the court and defense counsel that the State intended to reindict. After the court had granted the State's motion to nol-pros the case, then and only then did Mr. Lucas, the attorney of record for the defendant, state

> "We are ready for trial on this matter, and we have been forced to trial today and we would ask for further than an order of a nolle pros."

The judge responded that he had "no alternative but to nol-pros on the State's motion."

Subsequently, on March 2, 1972, the defendant, James V. Placek, and his codefendant were reindicted, and an arrest warrant was issued. However, the defendant was not arrested pursuant to the warrant until September, 1972. His counsel, Mr. Mannina, filed a motion for a discharge or dismissal on the grounds that the defendant had not been brought to trial within 160 days from November 8, 1971, the date on which the defendant contends he had demanded trial pursuant to section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1971, ch. 38, par. 103—5(b)). On March 14, 1973, a hearing on this motion to dismiss was held. The defendant's position at this hearing was that once the defendant demanded trial, not only must the State reindict within the statutory period, but also the State must bring the case to trial within the statutory period. It is undisputed that the State must, and here did, reindict within the statutory period.

After an analysis of the proposition urged by the defendant, the trial court concluded that the crucial element was whether there was a demand for trial by the defendant. Based on the report of the proceedings of November 8, 1971, the court concluded that there had been, in fact, no valid demand for trial made by the defendant at that time. Consequently, the court denied the defendant's motion to dismiss.

Defendant then moved to suppress certain physical evidence, alleging that the defendant's consent to the search of his automobile was involuntary. The State countered with a motion to strike defendant's motion to suppress on the ground that there had been a hearing on a motion to suppress the same evidence under the same facts under Indictment No. 70-3389G, which had been subsequently nol-prossed. That hearing had resulted in a denial of defendant's motion. The State's position was that in the absence of new or additional evidence, which was not presented at the previous hearing on the motion to suppress, the matter was res judicata. The trial court denied the State's motion to strike and ordered a hearing on the defendant's motion to suppress evidence. At this juncture, the court transferred the case to Judge Woodward, who heard and denied the defendant's motion to suppress.

The case was to proceed to trial without a jury, but Judge Woodward suggested a substitution of judges since the indicted codefendant of Placek had entered a plea of guilty before him earlier that day. The case was then transferred to Judge Douglas. Defense counsel then renewed his motion to suppress and asked for a rehearing on the motion before Judge Douglas. This motion for a rehearing on the motion to suppress was denied by the trial judge, and the trial commenced.

The State then first called E. L. McQuown, the arresting officer, who testified, *inter alia*, that upon arrest he advised the defendant of his rights in accordance with the "*Miranda* warnings," and that the defendant acknowledged his understanding of those rights. During the course of his testimony, Officer McQuown stated that the defendant had stated in his presence and in the presence of Officer Keyes and Mr. Rimes, the innkeeper, that he and the codefendant had registered at the motel under fictitious names and had taken two other television sets from the motel earlier that evening. At this point, defense counsel objected to the admissibility of defendant's statements on the grounds that such an admission or confession had been made involuntarily and had been induced by promises of leniency by the police officers and the representative of the motel. Defense counsel then moved for a hearing to determine the voluntariness of the confession. No motion of this nature had been made prior to trial, as required under section 114—11(a), (g) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 114—11(a),

(g)). However, defense counsel asserted that prior to this testimony, he had not been aware of any statements made by his client, and therefore, this was his first opportunity to make a motion to suppress the confession. The State responded that it had answered the defendant's motion for discovery, wherein these statements of the defendant had been set forth, and that, having such information, the defense had sufficient opportunity to make this motion prior to trial. The court overruled the objection of defense counsel, did not conduct a hearing to determine the voluntariness of the confession, and admitted the testimony of Officer McQuown into evidence. In order to avoid interrupting the further testimony of Officer McQuown, which disclosed additional incriminating statements of the defendant, defense counsel made a continuing objection to the admissibility of these statements on the basis of his motion to suppress the confession.

At a later point in Officer McQuown's testimony, the defendant's handwritten consent granting permission to search his apartment, was read into the record as follows:

"I give my permission to go into my apartment at 3840 Gaslight Square, Alsip, to recover two RCA televisions. I accompanied two Willowbrook police officers to the above address to recover the above evidence. James Placek."

It should be noted that the motion to suppress did not allege that this written consent to search the defendant's apartment was illegal. Rather, the motion to suppress addressed itself to the search of the defendant's automobile at the time of the arrest. Defendant states in his brief that this testimony was objected to by defense counsel, and cites the continuing objection of the defendant in support of this. There was no specific objection made to the admissibility of the written consent statement. It should also be noted that, in making his continuing objection, defense counsel was objecting to testimony regarding admissions and confessions of the defendant.

At the conclusion of all of the evidence (the sufficiency of the evidence is not here challenged, and the evidence is, in a word, overwhelming), the court found the defendant guilty and sentenced him to 1 to 3 years in the penitentiary. This appeal followed.

The first issue presented for our consideration is whether defendant's right to a speedy trial was violated. It is contended by the defense that the defendant made a valid demand for trial on November 8, 1971, and that the defendant was not brought to trial within 160 days pursuant to section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(b)), which states

"Every person on bail or recognizance shall be tried by the court

having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant, by an examination for competency ordered pursuant to Section 104—2 of this Act, by a competency hearing, by an adjudication of incompetency for trial, by a continuance allowed pursuant to Section 114—4 of this Act after a court's determination of the defendant's physical incapacity for trial, or by an interlocutory appeal."
The basic premise of the defendant's position that a valid demand for trial was made by the defendant, is that the trial court erred in granting the State's motion to nol-pros. The defendant contends that the court, in stating it had "no alternative but to *nolle pros* on the State's motion," indicated that the trial judge was not aware of his discretionary power to grant or deny such a motion, and that the trial judge was under a duty to determine if there were valid and sufficient grounds for the motion to nol-pros.

■■ We find the basic premise of defendant's argument to be without merit. We cannot infer from the trial judge's statement that he was unaware of his discretionary power to grant or deny the State's motion. The record discloses that the State presented to the court its grounds for the motion to nol-pros, in that the indictment was defective regarding ownership of the television sets. Thus, the court, in granting the State's motion, determined that there were sufficient and valid grounds in support of the State's motion. We note that there is no suggestion that the motion was made to evade the four-term rule, a practice which was condemned in *People v. McAdrian* (1972), 52 Ill.2d 250, 287 N.E.2d 688. We further note that at no time prior to the granting of the motion did defense counsel interpose an objection to the State's motion to nol-pros. Thus, we conclude that the court did not err in granting the motion to nol-pros the case under Indictment No. 70-3389G.

■■ Having determined the validity of the court order by which the case was nol-prossed, and considering all of the circumstances surrounding the alleged demand for trial by defendant, we hold that there was no valid demand for trial made by the defendant. The court must consider all the surrounding circumstances in determining whether a demand for trial was asserted. (*Barker v. Wingo* (1972), 407 U.S. 514, 33 L.Ed.2d 101, 92 S.Ct. 2182.) While we agree with the defendant that there are no "magic words" required, such as "I demand immediate trial," there must be some affirmative act on the part of the defendant. In the case at bar, the record discloses that both defense attorneys present in court on November 8, 1971, sought to obtain a continuance of the case, which had been set for trial on that day. There is no indication that the defendant demanded trial prior to the State's motion to nol-pros the case. At

most, the defense was reluctant to proceed to trial and was doing so only at the insistence of the trial judge. Indeed, even in asserting the alleged demand, the defense attorney stated, "* * * [W]e have been forced to trial today * * *." While we acknowledge that the signing of a jury waiver by the defendant was a significant procedural step indicating, at the minimum, an acquiescence to proceed to trial, we must consider *all* the relevant circumstances surrounding the alleged demand for trial. We conclude that in the factual setting of the case at bar, the defendant did not make a valid, effective demand for trial. Therefore, we find that the defendant's right to a speedy trial was not violated.

■■  The defendant also asserts that the refusal of the trial court to grant a hearing on the voluntariness of the confession constitutes reversible error. We disagree on the basis of our statute pertaining to "Motion to Suppress Confession," wherein specifically provides:

> "The motion *shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion.* If the motion is made during trial, and the court determines that the motion is not untimely, and the court conducts a hearing on the merits and enters an order suppressing the confession, the court shall terminate the trial with respect to every defendant who was a party to the hearing and who was within the scope of the order of suppression, without further proceedings, unless the State files a written notice that there will be no interlocutory appeal from such order of suppression. * * *" (Ill. Rev. Stat. 1973, ch. 38, par. 114—11(g).) (Emphasis added.)

The record discloses that the State's answer to defendant's motion for discovery informed defense counsel of the statement made by his client. This answer to discovery was mailed on December 8, 1972, to Attorney Mannina. It cannot now be asserted that at the time of trial on May 2, 1973, defense counsel had no knowledge of his client's statements. The record clearly establishes that the defense counsel had been informed of the statements made by his client, and, consequently, was aware before trial that grounds for a motion to suppress the confession did exist. Nor was defendant denied the opportunity to present a motion to suppress the confession before trial. In light of these facts, we hold that the trial court did not err in denying defendant's motion for a hearing on the voluntariness of the confession or admissions.

It has been held that the due process requirements set forth in *Jackson v. Denno* (1964), 378 U.S. 368, 12 L.Ed.2d 908, 84 S.Ct. 1774, are met so long as the defendant had a sufficient opportunity to question the confession. (*People v. Bryant* (1968), 101 Ill.App.2d 314, 243 N.E.2d 354.) The statute, under which the hearing on the motion to suppress the

statements of the defendant was denied (Ill. Rev. Stat. 1973, ch. 38, par. 114—11) complies with the due process requirements.

The case cited by defense counsel in support of his argument, *People v. Jolliff* (1964), 31 Ill.2d 462, 202 N.E.2d 506, in which he was counsel, is clearly distinguishable from the case at bar. In *Jolliff*, the statements of the defendant were not known prior to trial, and defense counsel's *first opportunity* to object to the voluntariness of the statements was during the course of the trial. Here, in light of the State's answer to the defendant's motion for discovery, the opportunity to motion for a hearing on the voluntariness of the statements existed long before the case went to trial. It was up to the defendant and his counsel to take advantage of the opportunity. *People v. Bryant* (1968), 101 Ill.App.2d 314, 319, 243 N.E.2d 354.

■■ The final issue presented for review is whether defendant's constitutional rights against unlawful search and seizure were violated. Defendant argues that a hearing should have been conducted to determine the voluntariness of the written consent granting permission to search his apartment. This written consent executed by the defendant was admitted into evidence without a specific objection by defense counsel. Now, it is argued that counsel's continuing objection, which was made in reference to the court's failure to hold a hearing on the voluntariness of defendant's admissions, encompasses this evidence as well. In our opinion, the continuing objection of defense counsel did not encompass an objection to the legality of the search of defendant's apartment. Rather, the continuing objection on the record pertained only to admissions and confessions of the defendant. The legality of the search under the consent of the defendant was not objected to by defense counsel. Consequently, the issue of the voluntary nature of defendant's written consent to the search of his apartment was not preserved for review. We therefore affirm the judgment of the trial court.

Affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.