THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JOHN PHILLIP HOFFMAN, Defendant-Appellee.

(No. 12773;

Fourth District—October 16, 1975.

Paul R. Welch, State's Attorney, of Bloomington (John W. Foltz and G. Michael Prall, both of Illinois State's Attorneys Association, of counsel), for the People.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellee.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

The State is appealing the trial court's suppression of statements made by defendant. We reverse.

One evening defendant appeared at the McLean County sheriff's department in an intoxicated condition and announced that he had committed a certain robbery. He was held overnight and questioned the next morning. The responses to that questioning were the statements suppressed.

At the hearing on the motion to suppress both the detectives present at the questioning testified. Detective Woith testified that he first informed the defendant that

"You have the right to remain silent; anything you say can and will be used against you in a Court of Law; you have the right to have an attorney present before any questions are asked; and if you can't afford one the court has to appoint one for you; you can exercise any and all of these rights at any time that you wish."

Detective Woith also testified defendant responded "yes" when asked whether he understood these rights. Detective Brown testified that defendant was advised of his constitutional rights and appeared to understand them.

After the rights were given, defendant was questioned, and his statement, on a form which included printed *Miranda* warnings, was typed up, and then signed by him.

Defendant, during this time, did not ask for an attorney and did not refuse to answer any questions. Defendant did not testify at the hearing on the motion to suppress.

The trial judge suppressed the statements on the grounds that, one, the material witness rule was not complied with, and two, the *Miranda* warnings were insufficient.

The trial judge found that the failure of Detective Brown to testify concerning the actual wording of the warnings given by Detective Woith amounted to failure to call all material witnesses.

■■■ When a defendant challenges the voluntariness of a confession, the burden is on the State to prove that the confession was voluntary by a preponderance of the evidence. The State must call all material witnesses to testify at the hearing on the motion to suppress. (*People v. Armstrong*, 5 Ill.2d 471, 282 N.E.2d 712.) The rationale of the rule is to make all witnesses available for cross-examination by the defendant. See *People v. Hicks*, 35 Ill.2d 390, 220 N.E.2d 461, where the court rejected defendant's argument that the material witness rule had been violated when a State's Attorney, a material witness, announced at the

hearing on the motion to suppress that he was available for cross-examination, but such was not done.

Since, in the case at bar, all material witnesses testified and were available for any cross-examination defendant desired, there was no violation of the material witness rule.

■■ The trial court also held that the *Miranda* warnings given by Detective Woith were insufficient because they did not adequately inform the defendant of his right to an attorney before questioning and that the warnings as given seemed to put the burden of obtaining an attorney on defendant.

In *People v. Prim,* 53 Ill.2d 62, 289 N.E.2d 601, the Illinois Supreme Court considered the sufficiency of admonishments. The court stated:

> "We think it is clear that when the defendant had been informed that he had a right to remain silent and didn't have to give a statement followed by the advice that he had a right to have an attorney present, he was clearly told that he had a right to have an attorney present at the contemplated interrogation and not at some future time. When defendant was further told that if he could not afford an attorney 'that we would get one for you' he was clearly told that an attorney would be provided at the interrogation and not at some future proceeding." 53 Ill.2d 62, 67, 289 N.E.2d 601, 604.

In the case at bar defendant was told, among other rights, that he had a right to the presence of an attorney before any questioning, that the court would have to appoint one if he was indigent, and that he could exercise his rights at any time.

This adequately informs defendant of his right to have an attorney if he so desired.

As the court in *Prim* states:

> "*Miranda* does not specify the precise language to be used in conveying the warnings. Certainly the holding of that case does not contemplate a ritualistic recital of meaningless words. Rather it requires an intelligent conveying to the individual involved of the rights set forth in that decision. [Citations.] It would be a strained construction of the language used by the detective to say that it conveyed a meaning that an attorney would be furnished at some future time. All of the warnings related to the giving of a statement. One part thereof viewed by itself may be subject to a different interpretation but when viewed in the context of the entire discussion it can only refer to the right to have counsel provided for the defendant at the time of the interrogation." 53 Ill.2d 62, 67, 289 N.E.2d 601, 604-605.

Defendant cites *United States ex rel. Williams v. Twomey* (7th Cir. 1972), 467 F.2d 1248. In that case the Seventh Circuit held that the warnings given, which partly stated that the interrogators had no way to furnish the defendant with an attorney but one would be appointed if and when defendant got to court, were insufficient.

We consider that case to be distinguishable. The warnings as given in that case did not inform defendant that he had an absolute right to a lawyer. In the case at bar, the police merely informed the defendant of the method by which lawyers were appointed. No qualification of defendant's right was mentioned.

For these reasons, the order of the circuit court of McLean County is reversed and the cause remanded for further proceedings.

Reversed and remanded.

GREEN and CRAVEN, JJ., concur.