69 Ill. App.3d 289 (1979)
387 N.E.2d 401
In re J.C., a Minor.  (THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee,
v.
J.C., Respondent-Appellant.)
No. 77-168.
Illinois Appellate Court  Third District.
Opinion filed March 22, 1979.
*290 Robert Agostinelli and Gary R. Garretson, both of State Appellate Defender's Office, of Ottawa, for appellant.
Edward Petka, State's Attorney, of Joliet (John X. Breslin and Joseph A. Mueller, both of State's Attorneys Appellate Service Commission, of counsel), for the People.
Cause remanded.
Mr. JUSTICE STENGEL delivered the opinion of the court:
Following an adjudicatory hearing in the Circuit Court of Will County, respondent was found to be a delinquent minor and was adjudged a ward of the court. He was placed on probation for two years and released in the custody of his parents. Respondent's sole contention on appeal is that his confession should not have been admitted into evidence at the adjudicatory hearing because the State failed to present all material witnesses to its taking.
On September 22 and 28, 1976, delinquency petitions were filed in the circuit court alleging that respondent, a 13-year-old minor, had *291 committed two separate burglaries and asking that he be made a ward of the court. On September 26, 1976, respondent was interviewed at the Lockport Police Station by Juvenile Officer James Lambert with Officer Dick also present. During the interview respondent confessed to the commission of one burglary and the theft of approximately six C.B. radios, but prior to the adjudicatory hearing, respondent moved to suppress his confession. The essence of respondent's testimony at the suppression hearing was that he confessed to the crimes as a result of a threat made to him by Officer Lambert. Respondent testified that Officer Lambert told him, "You had better tell me everything you know or I will take you right up to Lake County." Respondent said he understood "Lake County" to mean jail. Officer Lambert admitted making some statement about Lake County, but said the statement was made as a routine response to a question from respondent and not as a threat. Officer Dick was not called as a witness at the suppression hearing, and respondent did not object to his failure to testify. The motion to suppress was denied.
The case proceeded to an adjudicatory hearing on January 18, 1977, and Officer Lambert again testified for the State. During Lambert's testimony, respondent objected to the admission of his confession on the grounds that the State had failed to call all the material witnesses to its taking when Officer Dick was not called. The trial court denied the objection, holding that respondent had waived any such error by failing to raise it at the suppression hearing. Officer Dick did not testify at the adjudicatory hearing, and respondent's confession was admitted into evidence. The evidence presented at the hearing was sufficient to prove that respondent had committed the offense of burglary and to justify the trial court's finding that respondent was a delinquent minor.
On appeal respondent contends that since Officer Dick was a material witness to the taking of his confession, the State was required to produce him in order to prove the voluntariness of the confession. Because the State failed to produce Dick's testimony, respondent urges us to suppress his confession, to reverse the trial court's order adjudicating him a delinquent, and to remand the cause for a new adjudicatory hearing. The State agrees that Dick was a material witness to the confession, but argues the trial court was correct in holding that respondent waived his objection of the failure to call the witness by failing to raise the objection at the suppression hearing. As support for its position the State relies on section 114-11(g) of our Code of Criminal Procedure and the case of People v. Placek (2d Dist. 1975), 25 Ill. App.3d 945, 323 N.E.2d 410.
Section 114-11(g) (Ill. Rev. Stat. 1975, ch. 38, par. 114-11(g)) relates to motions to suppress confessions and provides:
"(g) The motion shall be made before trial unless opportunity *292 therefor did not exist or the defendant was not aware of the grounds for the motion."
In Placek the court relied on section 114-11(g) to hold that a defendant had waived his right to a hearing on the voluntariness of his statements by failing to raise the issue before trial. The defendant in that case did not file a pretrial motion to suppress his statements and did not object to their admission at trial until at least part of them had already been admitted into evidence. The court noted that defense counsel was aware prior to trial that grounds for a motion to suppress existed. We believe the waiver rule of Placek is a salutary one, but it is not relevant to the instant case where respondent did file a pretrial motion to suppress.
 1 When respondent challenged the voluntariness of his confession, the State then had the burden of producing all material witnesses to the taking of the confession or of accounting for any witnesses who were absent. (People v. Armstrong (1972), 51 Ill.2d 471, 282 N.E.2d 712.) The Code of Criminal Procedure, section 114-11(d), provides in part:
"Objection to the failure of the State to call all material witnesses on the issue of whether the confession was voluntary must be made in the trial court." (Ill. Rev. Stat. 1977, ch. 38, par. 114-11(d).)
Thus it has been held that, where a defendant objects for the first time on appeal to the State's failure to call all material witnesses, the objection will not be entertained by the reviewing court. (People v. White (5th Dist. 1974), 22 Ill. App.3d 180, 317 N.E.2d 323; People v. Harper (1st Dist. 1970), 127 Ill. App.2d 420, 262 N.E.2d 298.) Similarly it has been held that such an objection is waived when it is raised for the first time in a post-trial motion. People v. Glanton (1st Dist. 1975), 33 Ill. App.3d 124, 338 N.E.2d 30.
 2, 3 In the case at bar, although respondent did not object at the suppression hearing to the State's failure to call Officer Dick, he did object at the adjudicatory hearing prior to the admission of the confession. A court's ruling on a motion to suppress is not final and may be changed or reversed at any time prior to final judgment. (People v. Braden (1966), 34 Ill.2d 516, 216 N.E.2d 808.) Also, section 114-11(d) does not require the objection to be made at the pretrial suppression hearing but requires only that it "be made in the trial court." We thus conclude that respondent's objection was timely and should have been entertained by the trial court.
However, we do not believe a reversal of respondent's adjudication and a new adjudicatory hearing are required. Where a defendant has been denied a complete and fair hearing on his motion to suppress his confession, a court of review may either remand the case for an entirely new trial or remand the case solely for a new full and complete hearing on the admissibility of the confession. (People v. McGuire (1966), 35 Ill.2d 219, 220 N.E.2d 447; People v. White (5th Dist. 1973), 10 Ill. App.3d 914, *293 295 N.E.2d 300.) In determining which of these remedies to apply, a court must be guided by the observation of Justice Schaeffer:
"Considerations of fairness may require that important evidence not be ignored, but there is a countervailing value in orderly procedure." People v. McGuire (1966), 35 Ill.2d 219, 229, 220 N.E.2d 447.
In the instant case, when the confession is considered, the evidence produced at the adjudicatory hearing was clearly sufficient to justify the court's disposition. Respondent's only objection is to the State's failure to call Officer Dick. Had that objection been entertained by the trial court, the State would then have had an opportunity to either produce Officer Dick or to explain his unavailability. We believe the State should not now be denied that opportunity.
 4 The purpose of the rule requiring the State to produce all material witnesses to a confession is to safeguard against the use of improperly induced confessions by making all witnesses to the confession available for cross-examination. (People v. Bell (5th Dist. 1977), 50 Ill. App.3d 82, 365 N.E.2d 203; People v. Hoffman (4th Dist. 1975, 32 Ill. App.3d 785, 336 N.E.2d 209.) This purpose will be well served by requiring a new suppression hearing in this case. On the other hand, the interests in orderly procedure and judicial economy will be furthered by not requiring an unnecessary adjudicatory hearing. (See People v. King (1975), 61 Ill.2d 326, 335 N.E.2d 417; People v. McGuire (1966), 35 Ill.2d 219, 220 N.E.2d 447; People v. Stark (1966), 33 Ill.2d 616, 213 N.E.2d 503; People v. Taylor (1965), 33 Ill.2d 417, 211 N.E.2d 673.) Therefore, we remand this cause to the Circuit Court of Will County for a new full and complete hearing on the admissibility of respondent's confession. Both parties will have an opportunity to present further evidence. If the confession is held inadmissible, the trial court will vacate the judgment and grant respondent a new adjudicatory hearing. If the confession is held admissible, a new order finding respondent delinquent and making him a ward of the court will be entered. People v. King.
Remanded with directions.
STOUDER, P.J., and SCOTT, J., concur.