CAROLYN SUE SNEDDON, Adm'r of the Estate of George Warren Sneddon, Deceased, Indiv. and as Mother and Next Friend of Mark Warren Sneddon, a Minor, Plaintiff-Appellant, *v.* THE STATE EMPLOYEES' RETIREMENT SYSTEM OF ILLINOIS *et al.,* Defendants.—(THE STATE EMPLOYEES' RETIREMENT SYSTEM OF ILLINOIS, Defendant-Appellee.)

Fourth District   No. 15208

Opinion filed March 30, 1979.—Rehearing denied May 4, 1979.

Michael J. Logan, of Springfield, and J. Max Mitchell, of West Frankfort, for appellant.

William J. Scott, Attorney General, of Chicago (George H. Klumpner, Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

Plaintiff Carolyn Sue Sneddon appeals from an order, entered on administrative review in the circuit court of Sangamon County, which affirmed a decision of the Board of Trustees of the defendant State Employees' Retirement System (the System) denying plaintiff's claim for a "survivors annuity" as the widow of a State employee who was a member of the System.

All evidence was heard by the System's claims committee. At the first hearing, the parties stipulated to the following relevant facts: The most recent beneficiary form executed by George Warren Sneddon, the deceased, was dated January 4, 1966, and nominated as beneficiaries his three sons by a prior marriage, defendants George W. Sneddon, Jr., Gary Lee Sneddon, and Scott Allen Sneddon. The deceased married plaintiff on December 31, 1970, and their son, Mark Warren Sneddon, was born June 29, 1971. Plaintiff and the deceased were divorced on August 17, 1971, but remarried on December 31, 1975. The deceased died on July 14, 1976.

Also at the first hearing, plaintiff testified that in the interim between her divorce from the deceased and subsequent remarriage to him, they continued "going together" and living together. During that period, the deceased supported their child (pursuant to the divorce decree) and her (voluntarily but not on a regular basis). At a later hearing, the committee heard additional evidence not relevant to this appeal.

Based on the facts contained in the stipulation and other evidence presented at the hearings, the claims committee found that plaintiff did not meet the definition of a survivors annuity beneficiary as stated in section 14—160(a)(1) of the Illinois Pension Code (Ill. Rev. Stat. 1975, ch. 108½, par. 14—160(a)(1)). The System's Board of Trustees voted to accept the committee's findings and its recommendation that plaintiff's claim be denied.

At the time of the death of plaintiff's husband, section 14—160(a)(1) provided,

"(a) A survivors annuity beneficiary means:

(1) a wife or husband of a member or annuitant, *if the marriage with the member was in effect at least 1 year at the date of the member's death*, or at least 1 year at the date of his withdrawal, whichever first occurs." (Ill. Rev. Stat. 1975, ch. 108½, par. 14—160.) (Emphasis added.)

Plaintiff contends that the classification of spouses into those married less than one year before the member's death and those married one year or more is unconstitutional because it is unreasonable, arbitrary and contrary to public policy. Plaintiff does not contend that this distinction is a "suspect" classification which would be subject to "strict scrutiny" and

judged by the "compelling interest" test. Rather, this classification is subject to the following standard stated in *Grasse v. Dealer's Transport Co.* (1952), 412 Ill. 179, 193-94, 106 N.E.2d 124, 132, and later applied in *Laffoon v. Bell & Zoller Coal Co.* (1976), 65 Ill. 2d 437, 444, 359 N.E.2d 125, 128-29:

> " 'For these classifications to be deemed constitutional, as in all cases involving classifications, it must appear that the particular classification is based upon some real and substantial difference in kind, situation or circumstance in the persons or objects on which the classification rests, and which bears a rational relation to the evil to be remedied and the purpose to be attained by the statute, otherwise the classification will be deemed arbitrary and in violation of the constitutional guarantees of due process and equal protection of the laws.' "

We believe that the classification here meets that standard. Here, the evil to be remedied is the conscious adverse risk selection of "deathbed" marriages whereby a terminally ill member of the System marries another to enable that person to become eligible for benefits. The one-year marriage requirement, designed to prevent this abuse of the pension system, is based on a difference in situation or circumstance and bears a rational relation to the purpose of the statute.

Plaintiff next contends that she should be allowed to "tack" the 7½ months of her first marriage to decedent to the 6½ months of their second marriage in order to meet the one-year requirement of section 14—160(a)(1). She argues that the language of the statute is vague and ambiguous and thus should be liberally construed in favor of those who are to benefit under it. *People ex rel. Anastasia v. Civil Service Com.* (1973), 10 Ill. App. 3d 583, 295 N.E.2d 127; *Giuliano v. Board of Trustees* (1967), 89 Ill. App. 2d 126, 231 N.E.2d 257.

We agree that a pension statute should be liberally construed in favor of the claimants but, as stated in *Anastasia* and *Giuliano*, we should not disregard the plain language of the statute. Here, the phrase, "the marriage," obviously refers to the status of a couple existing under a particular marriage contract. Thus, a status existing under another marriage contract would not be part of the same marriage. Accordingly, "tacking" is not permitted.

Plaintiff also contends that the Board of Trustees violated due process by improperly delegating its duties to the claims committee. Plaintiff notes that article 14 of the Illinois Pension Code does not mention a "claims committee," either by name or description and section 14—177 directs *the Board* to consider and pass on all applications for annuities and benefits. Here, all evidence was heard by the claims committee which then submitted not only findings of fact but also recommendations based

on an interpretation of the statute. The Board denied plaintiff's request to present evidence and argue before the Board, accepted the committee's findings and recommendation without discussion, examination or argument by counsel, and denied plaintiff an opportunity to ask Board members if each had read and was familiar with the evidence, law and arguments. Plaintiff contends that although the Board voted and rendered a decision, in fact, the committee made the decision.

This court need not address the merits of this argument because the only question presented to us is the construction of the statute, a question of law (*People v. Bryant* (1968), 101 Ill. App. 2d 314, 243 N.E.2d 354). Plaintiff does not dispute that all evidence necessary to a determination of the case was presented by the stipulation of the parties and her supplementary testimony. Thus, in this case, we need not consider which body within the administrative agency actually heard the facts or ruled on the claim.

Finally, plaintiff argues that due process requires an administrative agency to provide, without cost, a verbatim transcript of proceedings in contested matters. Here, the System's rules and regulations authorize the use of a bystander's report of all proceedings before the claims committee. The committee permitted plaintiff's stenographer to record the proceedings provided plaintiff pay the costs and the committee be given a copy of the transcript. Plaintiff asks that the committee be ordered to pay the stenographer's fees.

Plaintiff cites no statute or case law which requires this administrative agency to provide a verbatim transcript of proceedings. Nor do we find any denial of due process in the committee's refusal to provide a verbatim transcript. In *People v. Hanson* (1977), 44 Ill. App. 3d 977, 982-83, 359 N.E.2d 188, 193-94, the court discussed this issue with respect to the denial of defendants' motion for a court reporter at their preliminary hearing,

> "The denial of a court reporter is neither a denial of due process nor a denial of equal protection. Although the State must afford indigent defendants an equal opportunity to appeal, the State is not required to provide a stenographer's transcript in every case a defendant can not afford to have one made as long as there is some other means to allow for adequate and effective appellate review. (*Griffin v. Illinois*, 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585 (1956).) * * * [I]f no verbatim transcript is available, adequate and effective appellate review is available under the procedure provided in Supreme Court Rule 323(c), (d) (Ill. Rev. Stat. 1973, ch. 110A, par. 323(c), (d)), allowing for a stipulated or certified report of the proceedings."

In the instant case, no statute or case law requires a verbatim transcript

and the agency rule authorizing a bystander's report allows for adequate and effective appellate review.

For the reasons stated, we affirm.

Affirmed.

MILLS and TRAPP, JJ., concur.