(No. 47128

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. HENRY KING, Appellee.

*Opinion filed September 26, 1975.*

Richard J. Doyle, State's Attorney, of Danville (Kai A. Wallis, Statewide Appellate Assistance Service, of Bloomington, of counsel), for the People.

Richard J. Wilson, Deputy Defender, Office of State

Appellate Defender, of Springfield (Thomas Nelson, Assistant Defender, of counsel), for appellee.

MR. JUSTICE WARD delivered the opinion of the court:

The defendant, Henry King, was found guilty of aggravated battery, unlawful use of a weapon and reckless conduct following a jury trial in the circuit court of Vermilion County, but the record shows he was sentenced only for the aggravated battery. The sentence was for imprisonment for a term of not less than 2 nor more than 5 years. The appellate court reversed the conviction and remanded for a new trial (22 Ill. App. 3d 66), and we granted the People's petition for leave to appeal.

On the evening of July 2, 1971, the defendant was involved in a scuffle in a parking lot with Roy McGrown. A few hours later he went to the After Hours Club, a tavern in Danville. McGrown entered the tavern a short time later and sat at a booth with his sister, Toni McGrown, and some friends. The defendant walked to the table where McGrown was sitting, and shortly thereafter a gunfight broke out between the defendant and Roy McGrown. McGrown, his sister and the defendant were wounded. The defendant was indicted and tried for unlawful use of a weapon, reckless conduct toward and aggravated battery upon Toni McGrown and the attempted murder of and aggravated battery upon Roy McGrown.

The evidence at trial was conflicting as to what had occurred at the booth prior to the shooting and as to who had fired the first shot. The defendant testified that Roy McGrown had fired first and that he had then fired in self-defense. On cross-examination the prosecution, for the obvious purpose of impeachment, began to question the defendant as to a statement he had allegedly given two Danville police officers at the hospital where he had been taken for treatment after the shooting. According to the statement, he had told the officers that he did not know

who had shot him, that he did not know if Roy McGrown had had a gun, and that he, the defendant, did not have a gun at the time. The defendant objected to the questioning, claiming that the statement was taken while he was under sedation and that it was not voluntarily given. His objection, however, was overruled. On rebuttal a police officer testified to the taking of the statement from the defendant. The trial court admitted into evidence that portion of the statement which was inconsistent with the defendant's testimony, and stated that as a confession was not involved it did not have to find that the defendant's statement was a voluntary one. The court should have determined whether the statement was voluntary before admitting it into evidence, and the appellate court correctly decided it was error for it to have done so. (*People v. Lefler,* 38 Ill.2d 216, 220.) After holding that the trial court had erred, the appellate court reversed the judgment of conviction and remanded for a new trial.

The People filed a petition for rehearing and unsuccessfully argued that the court, rather than reversing the judgment and remanding for a new trial, should have remanded only for a hearing on the question of the statement's voluntariness.

The only question before us is whether the appellate court should have remanded simply for a hearing on the voluntariness of the statement. The defendant agrees with the People that only a hearing should have been ordered by the appellate court. Both parties agree that if the statement is found to have been made voluntarily the trial court should enter a new judgment of conviction; if the statement is found not to have been made voluntarily, the trial court should vacate the judgment and order a new trial.

The appellate court did err in reversing the conviction and remanding for a new trial. We consider it unreasonable here to order a new trial without first ascertaining whether there was error which could have affected the outcome of

the defendant's trial. If a statement whose voluntariness is questioned is found to have been voluntarily made there was no error in its admission and there is no ground for the defendant's complaint. The defendant was convicted over 3½ years ago at a trial which involved 14 witnesses who testified over a 2-day period. To order a retrial of the question of the accused's guilt without first determining there was reversible error in the first trial would be uncalled for and wasteful.

This court has taken the position and has held under circumstances similar to those here that reversal and remandment for a new trial were unnecessary. It was said in *People v. Taylor,* 33 Ill.2d 417, 422: "Although we thus conclude that the failure of the court below to conduct a hearing on the admissibility of the confessions was error, and that remandment for that purpose is required, it does not follow that this default, of itself, demands reversal of the conviction." In *People v. McGuire,* 35 Ill.2d 219, 229, it was held: "We believe that this case should be remanded, not for a full trial, but for a new hearing on the admissibility of the defendant's statement."

Other holdings that only a hearing to determine whether a statement was voluntary is required include *People v. Jackson,* 31 Ill.2d 408; *People v. Thigpen,* 33 Ill.2d 595; and *People v. Stark,* 33 Ill.2d 616.

We are not unaware that in *People v. Joliff,* 31 Ill.2d 462, and *People v. Lefler,* 38 Ill.2d 216, there were remandments for new trials rather than for hearings on voluntariness. In those cases, however, the question whether the remandment was to be for a new trial or simply for a hearing was not presented for decision. The orders for new trials appear to have been unstudied or perfunctory, and they were not challenged.

The Supreme Court of the United States has held that at the stage of a proceeding which we are considering there was no constitutional requirement of a new trial. *Jackson v. Denno,* 378 U.S. 368, 396, 12 L. Ed. 2d 908, 84 S. Ct.

1774; see also *Swenson v. Stidham,* 409 U.S. 224, 34 L. Ed. 2d 431, 93 S. Ct. 359.

For the reasons given, the judgment of the appellate court, insofar as it reversed the judgment of conviction and remanded for a new trial, is reversed and the cause is remanded to the circuit court for a hearing on the question whether the statement of the defendant was voluntary. If it is found to have been voluntary and therefore admissible, the circuit court will enter a new judgment of conviction. If it is found not to have been voluntary, the circuit court will vacate the judgment of conviction and order a new trial.

*Reversed and remanded,*
*with directions.*