THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MICHAEL C. BUSIJA, Defendant-Appellant.

First District (3rd Division)   No. 85—2383

Opinion filed December 17, 1986.—Modified on denial of rehearing June 10,
1987.

Law Offices of Terry Sullivan, Ltd., of Rolling Meadows, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Peter D. Fischer, and Mark F. Smolens, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McNAMARA delivered the opinion of the court:

A jury found defendant, Michael Busija, guilty of deviate sexual assault, attempted rape, aggravated battery, and robbery. The trial court sentenced him to concurrent terms of 30 years for deviate sexual assault, 15 years for attempted rape, 5 years for aggravated battery, and 5 years for robbery. On appeal defendant contends that the trial court erred in granting the State's motion to strike defendant's motion to suppress certain statements he made after allegedly exercising his right to counsel. By granting the State's motion, the trial court held that defendant was collaterally estopped from bringing the same motion which was heard in separate proceedings against this defendant upon different charges. Defendant also contends that he was not proved guilty of the charges beyond a reasonable doubt, that the trial court erred in prohibiting defendant from introducing evidence concerning the police investigation of another suspect, and that

his sentence is excessive.

Defendant was arrested on May 15, 1983, outside an apartment complex in Arlington Heights. Between 4 a.m. and 6 p.m. on that day, he was questioned several times by various law-enforcement officials at the police station. As a result of the interrogation, defendant was indicted for attempted residential burglary and disorderly conduct. These offenses do not pertain to the charges before us on this appeal. In that case, defendant filed a motion to suppress claiming that any statements made were obtained as a result of interrogation which continued after he exercised his right to counsel. The State argued that the statements were made after defendant made a valid, knowing waiver of his right to counsel. The trial court in the second municipal district heard extensive evidence on the motion and on November 17, 1983, substantially denied defendant's motion to suppress. The charges in that case were eventually dismissed on the State's motion when it apparently decided to pursue the present charges against defendant.

Defendant was indicted in the present case in January 1984 for offenses arising out of a 1981 occurrence. The State elected to proceed in the third municipal district. Because the State intended to introduce defendant's statements which were the subject of the earlier motion to suppress, defendant filed a motion to suppress the statements in this case. The State filed a motion to strike alleging *res judicata*. The trial court granted the State's motion, holding that defendant was collaterally estopped from relitigating the motion to suppress since full hearing on the motion had already been heard in the earlier case.

At trial in the present case, the victim testified that at approximately 2 a.m. on September 5, 1981, she returned home to her apartment building in Schaumburg, Illinois. The victim testified that she parked her car and entered her building. A man standing by the elevators entered the elevator with her. This man, whom the victim identified as defendant, exited the elevator on the same floor as she, grabbed her in the hallway, and demanded money. The victim gave defendant $30 from her wallet. Defendant then ordered the victim to accompany him outside and forced her down a stairwell, holding her right arm behind her back.

Defendant led the victim to a field near the parking lot where he removed her clothes. Defendant forced her to her knees and attempted to force her to perform oral sex. Defendant next attempted to perform an act of intercourse while standing. Defendant forced the victim to the ground and fell on her. Defendant again unsuccessfully

attempted to penetrate her. Defendant then placed the victim face down and told her to count to 100 while he departed. After the victim returned to her apartment, police and paramedics were summoned. She was taken to a hospital where she remained for three weeks for treatment of a fractured shoulder and pelvis sustained during the occurrence.

An officer from the Schaumburg police department interviewed the victim at her apartment after the incident. The victim told the officer that during the incident, the offender attempted to place his penis in her mouth but was unsuccessful. At trial, she testified that defendant's penis penetrated her mouth. While in the hospital, the victim spoke with more detectives, who asked the victim to examine a book with pictures of known sex offenders. At trial, an officer testified that the victim tentatively identified a photo of another suspect as her assailant. Another officer testified, however, that the victim only said that this other suspect "looks the closest" to her assailant but never positively identified him. Charges were not pursued against the other suspect.

This matter was reopened in May 1983. The victim was asked to view a photo lineup. She was shown five photos, one of which was defendant. The victim did not recognize any of the individuals. In January 1984, the victim went to a police station to view a lineup. She identified defendant as her assailant.

One of the officers questioning defendant on the day of his arrest testified that defendant described his attempt to rape a woman at a Schaumburg apartment complex in the summer of 1981. The officer's testimony concerning defendant's description of the assault was very similar to the victim's description of the assault upon her.

Defendant initially contends that the trial court improperly granted the State's motion to strike defendant's motion to suppress statements made after he allegedly exercised his right to counsel. The original motion to suppress was made in the earlier case. There, the trial judge substantially denied the motion, suppressing only one of several statements sought to be excluded by defendant. The case never proceeded to trial because the charges were eventually dismissed on a motion of the State.

■■ ■ Defendant was indicted in the case before us in January 1984, and the case proceeded in the third municipal district. When defendant filed the same motion to suppress, the State filed a motion to strike alleging that defendant was collaterally estopped from relitigating the same matter. The trial court granted the State's motion to strike. On appeal, defendant argues that he is entitled to a hearing in

the trial court on his present motion to suppress. We agree. Because the charges in the original case were dismissed, the judge's ruling in that case never became final. After the ruling was made and while the charges were still pending, defendant could not appeal since a defendant, unlike the State, may not appeal prior to trial from an adverse ruling upon a motion to suppress. (*People v. Zach* (1979), 77 Ill. App. 3d 17, 395 N.E.2d 758). A defendant cannot review that ruling until after he has been convicted and sentenced. The doctrine of collateral estoppel applies only where there is a final judgment, and a nonfinal order does not bar a subsequent action. (*Arnold Schaffner, Inc. v. Goodman* (1979), 73 Ill. App. 3d 729, 392 N.E.2d 375.) Since the charges were dismissed, the ruling never became final and, thus, the trial court cannot rely on collateral estoppel to deny a hearing on defendant's motion to suppress.

■■■ Our supreme court has held that the extent to which collateral estoppel may be used against a criminal defendant is severely limited. (*People v. Hopkins* (1972), 52 Ill. 2d 1, 284 N.E.2d 283; *People v. Mordican* (1976), 64 Ill. 2d 257, 356 N.E.2d 71.) In *Hopkins*, the physical evidence sought to be suppressed was the same in two trials on separate charges. In the first proceeding, the motion to suppress was determined adversely to defendant, and defendant was convicted. In the second proceeding, the trial court denied the motion to suppress because defendant had already had hearings on the motion to suppress in the previous proceeding. Our supreme court affirmed. Because the first proceeding ended in conviction, defendant had the opportunity to appeal the ruling on the motion to suppress. The trial court could properly rely on the original ruling to bar the subsequent motion.

In *Mordican*, defendant had been acquitted on charges of armed robbery. During this proceeding, defendant filed a motion to suppress challenging the reasonableness of the search which led to his indictment. The trial court determined the issue adversely to defendant. Defendant was subsequently indicted for unlawful use of weapons. In this proceeding, defendant again challenged the reasonableness of the same search, and the State claimed defendant was barred by collateral estoppel from challenging the validity of the search a second time. This court, affirmed by the supreme court, distinguished *Hopkins* to find that collateral estoppel could not be used. The court found that because of defendant's acquittal, he had no opportunity to obtain a review of the correctness of the ruling made in the earlier trial. (*People v. Mordican* (1976), 64 Ill. 2d 257, 261, 356 N.E.2d 71.) The court held that defendant's acquittal was a peculiar circumstance

which allowed him to relitigate a motion to suppress in a subsequent prosecution despite the fact that the same judge presided at both trials. In the present case, because the original charges against defendant were dismissed, defendant was also precluded from any review of the trial court's ruling on his motion to suppress. As stated by the supreme court in *Mordican*, denial of a second hearing would "insulate from review a trial court ruling admitting evidence without which, in many cases, the trial might end in acquittal." *People v. Mordican* (1976), 64 Ill. 2d 257, 262, 356 N.E.2d 71.

The State makes note of the fact that the trial court in the present case reviewed the transcript of the "full and comprehensive hearing" on the suppression motion before ruling on defendant's motion to suppress. This fact does not make the trial court's ruling in the present case proper. The present trial court cannot act as a reviewing court over the previous trial court ruling. The State's motion to strike was premised on collateral estoppel, and by granting the motion, the trial court precluded its own review and bound itself to the earlier ruling. Additionally, the State claims that defendant is allowed an opportunity to obtain a review of the correctness of the earlier finding on his motion to suppress since the transcript of the hearing is included in the supplemental record on appeal before us. Regardless of the inclusion in the record, this court cannot review the original findings on the motion to suppress since this is not before us on appeal. What is before us is the propriety of the trial court's ruling granting the State's motion to strike based on collateral estoppel. Since we find that the State cannot rely on collateral estoppel, the cause must be remanded for a hearing in the trial court on defendant's motion to suppress. If, following a hearing, defendant's motion is denied and the statements are therefore admissible, the trial court should enter a new judgment of conviction. If defendant's motion to suppress is granted, the circuit court should vacate the judgment of conviction and order a new trial. *People v. King* (1975), 61 Ill. 2d 326, 335 N.E.2d 417.

■ Defendant argues that whether his motion to suppress is granted or denied after a new hearing, he is still entitled to a new trial. Defendant has attempted to distinguish *People v. King* because in *King*, defendant did not file a motion to suppress and agreed that all that was required on remand was a hearing on the voluntariness of the statement. Regardless of this distinction, the issue before the court in *King* was identical to the issue before us—whether the appellate court should remand only for a hearing or for a new trial. We agree with the court's conclusion in *King* that "[t]o order a retrial of

the question of the accused's guilt without first determining there was reversible error in the first trial would be uncalled for and wasteful." 61 Ill. 2d 326, 329, 335 N.E.2d 417.

■ As to defendant's contention that he was not proved guilty beyond a reasonable doubt, we find that the State offered evidence sufficient to find defendant guilty of all charges beyond a reasonable doubt.

■ Defendant also argues that the trial court erred in prohibiting him from introducing evidence concerning the police investigation of another suspect. Defendant maintains that since one police report indicated that the victim tentatively identified a photo of another suspect as her assailant, evidence linking this suspect to a number of sexual assaults was relevant here. At trial, the victim testified that after looking through a mug book she could not make a positive identification, but if her assailant resembled anyone in the book, he resembled this other suspect. When defense counsel attempted to introduce evidence of this suspect's prior sexual improprieties, the trial court emphasized that the victim had never identified this other suspect and properly excluded the evidence as irrelevant. The trial court correctly prohibited defendant from introducing evidence concerning the police investigation of another suspect.

■ Finally, defendant argues that the sentence of 30 years for deviate sexual assault and 15 years for attempted rape was excessive. The trial court is best suited to impose a sentence; it balances the appropriate factors and its exercise of discretion should not be altered upon review absent an abuse of discretion. (*People v. Steppan* (1985), 105 Ill. 2d 310, 473 N.E.2d 1300.) At the sentencing hearing, the trial court heard evidence regarding both defendant's steps toward rehabilitation and the "exceptionally brutal and heinous" nature of the attack on the victim. We find no evidence that the trial court abused its discretion in weighing all factors, and we therefore refuse to reduce the sentence.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded for a new trial in accordance with the holdings of this opinion.

Reversed and remanded.

RIZZI, P.J., and WHITE, J., concur.