STATE of Missouri, Appellant,

v.

Kevin Dale PIPPENGER, Respondent.

No. WD 39277.

Missouri Court of Appeals,
Western District.

Oct. 20, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 1, 1987.

Application to Transfer Denied
Jan. 20, 1988.

Thomas M. Johnson, Pros. Atty., Osceola, for appellant.

J.D. Baker, Osceola, for respondent.

Before TURNAGE, P.J., and
BERREY and GAITAN, JJ.

BERREY, Judge.

From an adverse ruling on a motion to suppress, the state appeals. The facts are as follows.

On June 18, 1985, the St. Clair County Sheriff and an officer of the State Highway Patrol discovered what appeared to be a large marijuana growing operation in rural St. Clair County. Subsequently, on the same day a complaint was filed and warrant issued charging defendant with possession of more than 35 grams of marijuana in violation of § 195.020, RSMo Supp. 1984.

Following the bind over and subsequent arraignment in Circuit Court, the defendant filed a motion to suppress evidence on August 21, 1985. On January 21, 1986, a

hearing was held on the matter and on February 4, 1986, the trial court sustained defendant's motion to suppress. The prosecutor filed a motion to dismiss the charge on February 11, 1986.

The prosecutor had, however, filed on February 10, 1986, another complaint charging defendant with manufacturing or having under his control marijuana, a controlled substance—the charge at issue here. § 195.020, RSMo 1986. The defendant filed a motion to suppress before the Associate Circuit Judge and it was overruled, and defendant was bound over for trial. The defendant filed a motion to dismiss on May 16, 1986; he alleges that the previous order suppressing the evidence is now *res judicata* against the State and the state is collaterally estopped from using the evidence already excluded. On May 22, 1986, the state sought a change of judge. Judge Bradley was transferred by the Supreme Court to hear the matter. On April 21, 1987, the trial court without an evidentiary hearing suppressed the evidence because "these same items were suppressed in prior case (CR385–2F Henry County also known by CR585–103FX–St. Clair County) which involved the same defendant and the same transaction." His docket entry of April 21, 1987, bears quoting in full:

> Pursuant to request of parties, court makes entry regarding hearing held 3–27–87, at which time the court ordered certain items of evidence the state seeks to use against defendant suppressed for the reason that these same items were suppressed in prior case (CR385–2F' Henry Co. also known by CR585–103FX–St Clair Co.) which involved the same defendant and the same transaction. This cause was refiled by St. Clair County P.A. and he again seeks to use same items of evidence already suppressed.

We are not advised on what legal grounds the trial court suppressed the evidence, except that it had been suppressed before. The state alleges that this cannot be considered collateral estoppel and the defendant disagrees. To determine whether collateral estoppel is appropriate the court reviewing its application must consider:

(1) whether the issue decided in the prior adjudication was *identical* with the issue presented to the present action: (2) whether the prior adjudication resulted in a judgment on the merits; and (3) whether the party against whom collateral estoppel is asserted was a party on in privity with a party to the prior adjudication. Most courts have added a fourth factor to the three enunciated ...: whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. Fairness is the overriding consideration in determining whether or not to apply the Doctrine of Mutuality. (Emphasis supplied.) (Citations omitted).

*Oates v. Safeco Ins. Co. of America*, 583 S.W.2d 713, 719 (Mo. banc 1979); *see also Burton v. State*, 726 S.W.2d 497, 499 (Mo. App.1987).

■ In the instant case, the application of this doctrine fails because requirement number (2) above has not been met, that is, there is no judgment on the merits. The Supreme Court in *State v. Howell*, 524 S.W.2d 11, 19 (Mo. banc 1975), held that the trial court ruling on "a motion to suppress evidence prior to trial is, in a sense, interloctory in nature." The court continued, "[t]he real damage is not done until the evidence is introduced in the trial of a case for consideration by a jury. Thus, a trial court can receive additional evidence and change its ruling prior to admitting the objected-to items in evidence before a jury." *Id.* This court has stated that the trial court's decision on interlocutory motions is not conclusive or binding on future proceedings. *Noll v. Noll*, 286 S.W.2d 58, 60–61 (Mo.App.1956); *State v. Beaver*, 697 S.W.2d 573, 574 (Mo.App.1985); *see also Cook v. State*, 281 Md. 665, 381 A.2d 671, 674 (1978), *cert. denied*, 439 U.S. 839, 99 S.Ct. 126, 58 L.Ed.2d 136 (1978). It is, therefore, incumbent for the trial court in the instant case to hear the evidence and rule thereon and not rely upon what some other trial court may have done before in another cause.

There is no doubt that evidence must be heard on a motion to suppress. *State v. Rainbolt,* 676 S.W.2d 527, 528 (Mo.App. 1984); *State v. Nichols,* 628 S.W.2d 732, 736 (Mo.App.1982). It is a statutory requirement that the trial court "shall receive evidence on any issue of fact necessary to the decision of the motion." § 542.296.6 RSMo 1986. The trial court thus erred in failing to hold an evidentiary hearing on the second charge.

Additionally, we note that prosecutors enjoy a discretionary right to dismiss a case at anytime. The prosecutor may refile the charges as he sees fit so long as double jeopardy has not attached. *State v. Lawson,* 630 S.W.2d 185, 189 (Mo. App.1982). In order for jeopardy to attach a trial must have begun. According to *Crist v. Bretz,* 437 U.S. 28, 35–6, 98 S.Ct. 2156, 2161, 57 L.Ed.2d 24 (1978), the jury must be empaneled and sworn before jeopardy attaches. There has yet to be a trial on the merits of this case and defendant is not in jeopardy at this time.

The case is remanded for the trial court to conduct a proper evidentiary hearing on the defendant's motion to suppress.

All concur.