STATE of Missouri, Plaintiff–Appellant,

v.

Mark Dennis BEEZLEY,
Defendant–Respondent.

No. 15291.

Missouri Court of Appeals,
Southern District,
Division Two.

May 18, 1988.

Motion for Rehearing or Transfer
Denied June 6, 1988.

Application to Transfer Denied
July 26, 1988.

Thomas E. Mountjoy, Pros. Atty., Joseph W. Rigler, Asst. Pros. Atty., Springfield, for plaintiff-appellant.

Anne Hall, Public Defender, Springfield, for defendant-respondent.

HOGAN, Judge.

In this case, the State appeals from an order suppressing evidence. We reverse and remand.

The sketchy record before us indicates that on June 23, 1987, the Prosecuting Attorney of Greene County charged defendant with sodomy upon the person of a male less than fourteen (14) years of age in violation of § 566.060, RSMo 1986. A warrant was issued. Defendant was taken in

custody and on June 26, 1987, he appeared in the Associate Division and requested a preliminary hearing. On July 15 the parties again appeared in the Associate Division and the defendant moved orally to suppress evidence. After hearing argument on the motion, the Associate Judge entered an order as follows:

"... The motion requested that the Court suppress a videotaped statement of the victim ... made pursuant to Section 492.304, RSMo, and statements of hearsay witnesses offered pursuant to Section 491.075, RSMo. The grounds of said motion were that these matters of evidence had previously been determined adversely to the State in pre-trial motions heard in Circuit Court on June 23, 1987, by the Honorable Judge Don Bonacker and the State was precluded from re-litigating the issues by virtue of the doctrine of collateral estoppel. The State objected that the motion did not meet the technical requirements of Section 542.296.2, RSMo, in that it was not in writing, but in the interests of a prompt determination of the underlying issue agreed to proceed to an argument on the merits.

This Court finds the following facts:

1. This charge was originally filed in Circuit Court as Case No. CR487–202FX–3.

2. A pre-trial hearing was held on the afternoon of June 23, 1987, on a number of motions filed by the defendant, including a motion to suppress the videotape of the victim and any testimony by State's witnesses concerning statements made by the victim. At that hearing, the State offered the videotape to the Court, which was suppressed on the grounds that it did not meet the reliability criteria of Section 492.304, RSMo, in that it did not include a pre-tape interview with the victim or statements made by the victim immediately after the tape was made. At the same hearing, the State offered the testimony of Officer Eddie Craig and Juvenile Officer Randall Latch pursuant to Section 491.075, RSMo. The Court upheld the Defendant's motion to suppress on the grounds that these statements did not meet the reliability criteria of that statute. The State, in view of the Court's ruling, declined to offer the testimony of witness Linda Kirk pursuant to the same statute.

3. The trial in this case was set for June 24, 1987, at 9:00 a.m. The hearing concluded at approximately 4:45 p.m. on June 23, 1987.

4. The State, following the Court's ruling, dismissed the charge against the defendant in Case No. CR487–202FX–3, and refiled [the same charge] immediately as Case No. CR587–630F. The new case was set for preliminary hearing before this Court on July 15, 1987. Argument was heard from both sides at that time and the Court was apprised of the caselaw on this issue.

It is the finding of this Court that the State is *collaterally estopped* from offering into evidence in this case the videotape of the victim ... and the testimony of Officer Eddie Craig, as well as that of Juvenile Officer Latch, concerning the statements of the victim inasmuch as these issues have already been determined by the Circuit Court in a prior litigation of the same facts.

THEREFORE, the Defendant's motion to suppress the videotape of [the victim] and the hearsay testimony of Officer Eddie Craig and Randall Latch is granted." (Emphasis added.)

As we understand the record, including the transcript of the proceedings in the Associate Division, the Associate Circuit Judge considered only the defendant's motion to suppress. No order appears finding probable cause to believe that a felony had been committed and that the defendant had committed it, nor did the Associate Division order that the defendant appear in the court having jurisdiction of the offense. Further, the Associate Circuit Judge stated, at the time the motions were argued, that he was resetting the preliminary hearing.

■ The parties have not addressed the jurisdiction of the Associate Circuit Judge to entertain the motion to suppress. Section 542.296, RSMo 1986, provides for a motion to suppress when evidence has been obtained by an unlawful search and seizure, but this is not such a case. Nevertheless, we conclude that the Associate Division had jurisdiction because the defendant sought relief "incident to" a felony case prior to the filing of an information therein. The matter was therefore confided to the jurisdiction of the Associate Division by the provisions of Section 478.225.2(4), RSMo 1986.[1]

No witnesses were called at the suppression hearing before the Associate Circuit Judge in this case. The record indicates that the court considered no evidence, even though a transcript of the prior suppression hearing was submitted. The Associate Circuit Judge indicated he was inclined "to go ahead and proceed with testimony," but the State maintained the "... oral motion before the Court only required the Court to determine whether or not the tape should be admitted because of collateral estoppel." The only question addressed by the briefs is the application of the doctrine of collateral estoppel to the Circuit Court's ruling on the first motion to suppress. The State argues that the Associate Division was not collaterally estopped because the Circuit Court's order was "merely an interlocutory order." The defendant argues that the doctrine of collateral estoppel should be applied because the Circuit Court's ruling constituted a "valid and final judgment in a prior trial of the same cause."

The question whether an order or ruling at a suppression hearing is conclusive and binding in future or different proceedings depends upon the effect which is given the ruling or order. A judgment in one action cannot be carried over to a second action and given a conclusive effect in the second action, whether by way of bar, merger or issue preclusion if the judgment was considered merely tentative in the very action in which it was rendered. Restatement (Second) of Judgments § 13 comment a (1982). The fact that the order suppressing evidence is appealable is not determinative, *id.* § 13 comment b, and while there is authority to the contrary, courts generally have refused to give preclusive effect to rulings made at suppression hearings when those rulings are, for one reason or another, interlocutory. *See, e.g., McRae v. United States,* 420 F.2d 1283, 1286 (D.C.Cir. 1969) (suppression hearing final only when there has been adjudication in a separate proceeding); *People v. Busija,* 155 Ill.App. 3d 741, 108 Ill.Dec. 742, 745, 509 N.E.2d 168, 171 (1986) (doctrine of collateral estoppel applies only where there is a final judgment and a nonfinal action does not bar a subsequent action); *State v. Schmieg,* 344 N.W.2d 425, 427[4] (Minn.App.1984) ("[a]t trial, the trial court is free to reconsider its suppression ruling ... if a proper motion or application is made. The ruling is not res judicata."); *Commonwealth v. Lagana,* 510 Pa. 477, 509 A.2d 863, 866–67[2] (1986); *State v. Dorsey,* 40 Wash.App. 459, 698 P.2d 1109, 1112 (1985) (if doctrine of collateral estoppel is to apply to result of first suppression hearing, a "valid and final judgment is necessary....").

■ We conclude that the doctrine of collateral estoppel did not operate to bind the Associate Division in this proceeding. In this jurisdiction, motions to suppress evidence are usually pretrial motions—motions in limine—although a motion to suppress may, in the discretion of the trial court, be entertained at any time during trial. Mo.R.Crim.P. 24.05. The ruling on a pretrial motion to suppress is interlocutory

---

1. Which reads, in pertinent part:
   "2. Each associate circuit judge within the counties ... for which he is an associate circuit judge may hear and determine the following cases or classes of cases including any equitable issues *and relief incident thereto:*

. . . . .

   (4) Felony cases prior to the filing of the information." (Emphasis ours.)

only and additional evidence produced at the trial may prompt the trial court to alter its pretrial ruling and admit the evidence. *State v. Howell,* 524 S.W.2d 11, 19[6] (Mo. banc 1975); *State v. Evans,* 639 S.W.2d 820, 822[1] (Mo.1982); *State v. Trimble,* 654 S.W.2d 245, 254[10] (Mo.App.1983).

The very argument advanced by the defendant was considered by the Western District in *State v. Pippenger,* 741 S.W.2d 710 (Mo.App.1987). In that case, the trial court suppressed evidence which had been suppressed in another and different case. The question presented on appeal was whether the doctrine of collateral estoppel applied to preclude further inquiry into the admissibility of the evidence which had been suppressed in the first proceeding. Noting that decisions on pretrial motions to suppress evidence are interlocutory and that interlocutory orders are not binding in future proceedings, the court held that in the second proceeding (which arose out of the same transaction) it was incumbent upon the trial court to hear evidence and rule on the motion to suppress without relying on what had been done in the first proceeding. *State v. Pippenger,* 741 S.W.2d at 711[1]. In light of the decision in *Pippenger,* the ruling appealed from is reversed and the cause is remanded.

PREWITT, P.J., and FLANIGAN, J., concur.

MAUS, J., dissents.

MAUS, Judge, dissenting.

This case does not involve an unlawful seizure of evidence. It is not governed by § 542.296. See *State v. Holzschuh,* 670 S.W.2d 184 (Mo.App.1984). Nevertheless, I assume the associate division of the circuit court in conducting a preliminary hearing may properly entertain a motion to suppress evidence allegedly inadmissible for another reason. See Mo.Criminal Practice § 7.16 (2nd ed. 1986). I further assume that the state may appeal to this court an order sustaining such a motion in a preliminary hearing in the associate division of the

circuit court. See § 547.200; *State v. Brown,* 722 S.W.2d 613 (Mo.App.1986). However, I must dissent.

The requirements for collateral estoppel are (1) the issue decided in a prior adjudication was precisely the same as that presented in the action in question; (2) the prior litigation must have resulted in a final judgment on the merits; and (3) there must be 'mutuality' of parties, i.e., collateral estoppel may be invoked only by those who were parties or privies to the action in which the judgment was rendered.

*Briggs v. State Department of Public Safety,* 732 P.2d 1078, 1081 (Alaska 1987). The doctrine is applicable to issues raised by the state. *United States v. Evans,* 655 F.Supp. 243 (E.D.La.1987); *Franklin v. Klundt,* 50 Wash.App. 10, 746 P.2d 1228 (1987). It is applicable to issues presented by a defendant. *People v. Scott,* 93 Misc. 2d 1074, 405 N.Y.S.2d 169 (1978). Also see *Tamer v. State,* 463 So.2d 1236 (Fla.App. 4 Dist.1985) in which the state successfully appealed an order suppressing evidence. The application of the doctrine is subject to exceptions. "The recognized exceptions fall into essentially two categories—additional evidence and peculiar circumstances." *Stevenson v. City of Chicago,* 638 F.Supp. 136, 139 (N.D.Ill.1986).

In this case a complaint had been filed and a preliminary hearing held in the associate division of the circuit court. The defendant was bound over to the circuit court and an information had been filed. Thereafter, the defendant's motion to suppress the evidence outlined in the majority opinion was sustained by the circuit court. The state then dismissed the pending charge. It thereafter filed in the associate division of the circuit court a complaint alleging the defendant committed the felony with which he had been charged in the information that was dismissed. The order of the associate division of the circuit court in question suppressed the same evidence that had been suppressed by the order of the circuit court. No exceptions to the doctrine of

collateral estoppel have been demonstrated to be applicable.

There is authority that the doctrine of collateral estoppel will not apply in criminal proceedings when the case in which the order alleged to be the basis for collateral estoppel has been dismissed. *State v. Pippenger*, 741 S.W.2d 710 (Mo.App.1987). Also see *State v. McCord*, 402 So.2d 1147 (Fla.1981); *People v. Busija*, 155 Ill.App.3d 741, 108 Ill.Dec. 742, 509 N.E.2d 168 (1 Dist.1986).

The order of the circuit court in question was interlocutory as long as the case in which it was made was pending. *People v. Lewis*, 659 P.2d 676 (Colo. banc 1983). However, the state had the right to appeal from that order. It did not do so, but dismissed the information. I believe that for the purpose of the doctrine of collateral estoppel the order of suppression then became final. If the state had appealed the order to suppress entered by Judge Bonacker and lost, in the absence of an exception, it would have been bound. This is true even though the order is interlocutory in that the material had not been offered in evidence at a trial. The state should be no less bound because it did not appeal and the case was dismissed.

> Factors supporting a conclusion that a decision is final for this purpose are 'that the parties were fully heard, that the court supported its decision with a reasoned opinion, that the decision *was subject to appeal* or was in fact reviewed on appeal.' Restatement (Second) of Judgments § 13 comment g (1982); [*United States ex rel. DiGiangiemo v.*] *Regan*, 528 F.2d at 1265 [(2d Cir.1975)].

*Briggs*, at 1082 (emphasis added).

> For purposes of issue preclusion, ' "final judgment" includes any prior adjudication of an issue in another action between the parties that is determined to be sufficiently firm to be afforded conclusive effect,'.... Factors supporting a conclusion that a decision is final for this purpose are 'that the parties were fully heard, that the court supported its deci-

sion with a reasoned opinion, [and] that the decision *was subject to appeal* or was in fact reviewed on appeal.'

*United States ex rel. DiGiangiemo v. Regan*, 528 F.2d 1262, 1265 (2nd Cir.1975), cert. denied, 426 U.S. 950, 96 S.Ct. 3172, 49 L.Ed.2d 1187 (1976) (emphasis added). Also see *United States v. Evans*, supra. For the reasons stated, I respectfully dissent.