# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2224

_____

United States of America,      *
    *
        Plaintiff-Appellee,     *
    *
      v.     *    Appeal from the United States
    *    District Court for the
 Mark E. Tuley,     *    District of Nebraska.
    *
        Defendant-Appellant.     *
    *

_____

Submitted: October 22, 1998
Filed: November 12, 1998

_____

Before McMILLIAN, JOHN R. GIBSON, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Mark Tuley was detained by Franklin, Nebraska, Police Officer Kirk Rust early one morning after Rust blocked Tuley's vehicle in order to investigate Tuley's purpose for being at a closed gas station. Tuley moved to suppress evidence obtained from his person and his vehicle, and statements made subsequent to his arrest, which led to Tuley's conviction for possession with intent to distribute methamphetamine, arguing

the stop violated the Fourth Amendment. Tuley appeals the district court's[1] denial of his motion to suppress the evidence.[2] We affirm.

## I.

Officer Rust observed Tuley as he returned with a can of pop to his pickup truck, which was parked at a closed gas station at 3:00 a.m. across the diagonal lines of the parking lot. He also observed that his truck had an in-transit sticker but no license plates and was parked over the station's gasoline storage tanks. A coil of garden hose was tied to the side of the truck near its gas tank. There had been recent attempted robberies of gas stations in the area. Suspicious that Tuley may be attempting to steal gas out of the storage tanks, Rust pulled his patrol car behind Tuley's truck, which was blocked in the front by an awning. He approached Tuley in his truck and requested identification. Tuley had no identification but gave Rust his name and birth date. Rust noticed Tuley's eyes were bloodshot and he slurred his speech. Rust radioed his dispatcher to verify that Tuley had a valid driver's license and was informed Nebraska had a warrant for Tuley's arrest. Rust then requested a verification that the warrant was still outstanding, which was received twenty minutes after Rust first pulled behind Tuley's truck. Rust arrested Tuley and obtained controlled substances and drug paraphernalia during a search of his person and his truck incident to the arrest.

The district court found that the initial contact was consensual but turned into a seizure upon Rust's approach to the truck. The court further found that the circumstances supported a reasonable suspicion, justifying the investigatory stop.

---

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, adopting the Report and Recommendation of the Honorable Thomas D. Thalken, United States Magistrate Judge for the District of Nebraska.

[2]Tuley does not appeal the denial of his motion to suppress statements he made after his arrest.

Tuley claims he was seized as soon as Rust blocked his truck and that Rust did not have reasonable suspicion for doing so.

## II.

Where the district court's findings of fact are undisputed, as here, we review de novo the ultimate decision as to whether the facts amount to reasonable suspicion. See United States v. Risse, 83 F.3d 212, 215 (8th Cir. 1996); United States v. Dixon, 51 F.3d 1376, 1381 (8th Cir. 1995). We may affirm the district court on any basis supported by the record. See Zotos v. Lindbergh Sch. Dist., 121 F.3d 356, 362 (8th Cir. 1997). An officer may constitutionally "seize" a person under the Fourth Amendment for a brief, investigatory stop if he has a reasonably articulable suspicion that criminal activity is afoot. Terry v. Ohio, 392 U.S. 1, 21-22 (1968). The officer's actions must be both "justified at its inception, and . . . reasonably related in scope to the circumstances which justified the [initial] interference." Id. at 19-20.

Officer Rust observed a truck, with a garden hose attached to its side near the gas tank, parked directly over a gas station's gasoline storage tanks in the middle of the night. There had been recent attempted robberies of gas stations in the area. Though Rust observed Tuley returning to his truck with a can of pop, Rust knew criminals often hid their actions with innocent activities. The truck had an in-transit sticker and no license plates. Though there was nothing illegal about this, Rust knew criminals often hid their identity by removing license plates from their vehicle. A reasonable suspicion may be justified even if there are innocent explanations for a defendant's behavior when the circumstances are considered in the totality. See United States v. Bloomfield, 40 F.3d 910, 918 (8th Cir. 1994) (en banc), cert. denied, 514 U.S. 1113 (1995); United States v. Weaver, 966 F.2d 391, 394 (8th Cir.), cert. denied, 506 U.S. 1040 (1992); United States v. Jones, 759 F.2d 633, 642-43 (8th Cir.), cert. denied, 474 U.S. 837 (1985). Blocking a vehicle so its occupant is unable to leave during the course of an investigatory stop is reasonable to maintain the status quo while completing the purpose

of the stop.  See United States v. Doffin, 791 F.2d 118, 120 (8th Cir.), cert. denied, 479 U.S. 861 (1986); Jones, 759 F.2d at 638-39 (noting factors such as the lateness of the hour, a deserted area, and a lone officer).  We conclude that blocking Tuley's truck with the squad car resulted in a Fourth Amendment seizure. The seizure, however, was based on a reasonably articulable suspicion and satisfies the first prong of Terry that the initial stop be justified.

Rust proceeded to ask for identification, a proper action in investigating suspicious activity.  See Adams v. Williams, 407 U.S. 143, 146 (1972).  All of Rust's actions were in furtherance of determining Tuley's identification and purpose for being at the closed station; Officer Rust ran a check on the name given and verified an outstanding warrant. Thus, the whole of the investigatory stop, which lasted the twenty minutes it took to confirm that the warrant was still outstanding, complied with Terry's mandate to stay within the scope of the circumstances justifying the initial stop.

## III.

We find Officer Rust's original detention to be an investigatory stop based on a reasonably articulable suspicion and his actions during the stop to be within the scope of the original detention.  As such, we affirm the district court's denial of Tuley's motion to suppress evidence obtained subsequent to the investigatory stop.  The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

4