

# Missouri Court of Appeals
## Southern District
### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| vs. | ) | No. SD32867 |
| | ) | |
| JEFFREY BARKER STONE, | ) | Filed April 24, 2014 |
| | ) | |
| Defendant-Respondent. | ) | |

APPEAL FROM THE CIRCUIT COURT OF STODDARD COUNTY

Honorable Fred W. Copeland, Circuit Judge

AFFIRMED

This is an interlocutory appeal by the State[1] of the trial court's interlocutory

order[2] suppressing all evidence obtained following Missouri State Highway Patrol

---

[1] As noted in *State v. Ross*, 254 S.W.3d 267 (Mo.App. 2008),

> Generally, the State "cannot appeal a judgment for the accused, whether it is upon a verdict of acquittal or upon a determination of a question of law, unless a right of appeal is unequivocally conferred by statute." *State v. Stein*, 876 S.W.2d 623, 625 (Mo.App. E.D. 1994). Section 547.200 permits the State to appeal from an order suppressing evidence. Section 547.200.1(3); *State v. Gabbert*, 213 S.W.3d 713, 717 (Mo.App. W.D. 2007).

*Ross*, 254 S.W.3d at 272 n.2.
All statutory references are to RSMo 2000, unless otherwise indicated.

[2] A trial court's ruling on a motion to suppress evidence is interlocutory. *State v. Howell*, 524 S.W.2d 11, 19 (Mo. 1975); *see State v. Merchant*, 363 S.W.3d 65, 69 (Mo.App. 2011) (holding doctrine of collateral estoppel inapplicable to subsequent ruling because prior ruling was interlocutory and there was never a judgment on the merits); *State v. Maggard*, 906 S.W.2d 845 (Mo.App. 1995) (same); *State v. Pippenger*, 741 S.W.2d 710, 711 (Mo.App. 1987) (same).

Trooper Richard Owens's warrantless seizure of Jeffrey Baker Stone ("Defendant") inside the attached garage of Defendant's home. The State argues four points of alleged trial court error but concedes that none of its arguments were presented to the trial court for its consideration and determination. Because the lack of such presentation preserves nothing for our review, we affirm.

## Factual and Procedural Background[3]

Around 1:14 a.m. on November 21, 2012, Defendant was driving his silver GMC Yukon and approaching his home on Route H. Within two hundred to three hundred feet of the driveway to Defendant's home, Trooper Owens initiated a traffic stop of Defendant's vehicle by activating his emergency lights. Within thirty-three seconds thereafter, Defendant braked his vehicle, activated his right turn signal, turned into the driveway of his home, pulled his vehicle completely into the middle bay of the three-car garage attached to his home, and brought his vehicle to a complete stop. In the next second thereafter, Trooper Owens entered Defendant's garage and seized Defendant.

From the events leading up to this seizure and occurring shortly thereafter, Defendant was ultimately charged with the class C felony of driving while intoxicated, *see* sections 577.010 and 577.023, RSMo Cum.Supp. 2010, and the class C felony of possession of a controlled substance, *see* section 195.202, RSMo Cum.Supp. 2010.

Defendant filed a motion to suppress all evidence acquired after his seizure because it "was obtained after the officer entered [Defendant's] garage/dwelling, without a warrant and without any recognized exception to a warrantless entry into [Defendant's]

---

[3] In reviewing a trial court's ruling on a motion to suppress, "[w]e view the record and reasonable inferences favorably to the ruling, disregarding contrary evidence and inferences. The trial court was free to disbelieve any of the state's proof, even if uncontradicted." **State v. Foster**, 392 S.W.3d 576, 578 (Mo.App. 2013) (internal citations omitted). We recite the facts in accordance with these principles.

home." In his suggestions in support of this motion, Defendant cited the trial court to, among other cases, ***Payton v. New York***, 445 U.S. 573 (1980), where the Supreme Court held that a warrantless and nonconsensual entry into a suspect's home in order to make a routine felony arrest violated the Fourth Amendment. *Id.* at 576.

After an evidentiary hearing, the trial court entered the following order: "Based upon the unlawful and warrantless apprehension of the defendant, any subsequent statements made by the defendant and any evidence subsequently seized by the arresting officer should be and are hereby Ordered suppressed."

In its timely interlocutory appeal of the trial court's order, the State argues that the trial court erred in suppressing any evidence because Trooper Owens's warrantless seizure of Defendant, although within the curtilage of his home, fell within three exceptions to the warrant requirement: first (Point 1), "Defendant did not have a reasonable expectation of privacy in [his] garage in that Defendant knowingly exposed himself to the public while operating his motor vehicle and Trooper Owens was in an area of Defendant's curtilage generally open to the public[]"; second (Point 2), exigent circumstances existed "in that Trooper Owens was in hot pursuit of Defendant and Trooper Owens was confronted with Defendant's imminent escape and the destruction or loss of Defendant's blood alcohol or drug concentration[]"; and, third (Point 4), "Defendant freely and voluntarily consented to Trooper Owens's presence in the garage." In addition, the State argues (Point 3) that the trial court erred in suppressing *all* of the evidence gathered by Trooper Owens after Defendant's seizure "because the state can use evidence seized outside Defendant's garage, even if Defendant was illegally arrested inside his garage[,]" in that such evidence "is not the fruit of the fact that the arrest was

made in Defendant's garage rather than someplace else." The record reflects, and the State conceded at oral argument, that none of its arguments were presented to the trial court at any time in any manner. In other words, the State raises these claims for the first time on appeal.

### Discussion

"On appeal, the appellant, not the respondent, has the 'burden of showing erroneous action on the part of the trial court.'" ***State v. Ramires***, 152 S.W.3d 385, 397 (Mo.App. 2004) (quoting ***State v. Hensley***, 770 S.W.2d 730, 731 (Mo.App.1989)). Trial courts, however, "are not to be convicted of error for reasons not presented to them and mentioned for the first time on appeal." ***State v. Gray***, 926 S.W.2d 29, 33 (Mo.App. 1996). Therefore, "[t]o preserve an issue for appellate review, the *appellant* is required to raise that issue with the trial court below to give it an opportunity to take remedial action."[4] ***Ramires***, 152 S.W.3d at 397 (citing ***State v. Brown***, 953 S.W.2d 133, 139 (Mo.App.1997); ***Gray***, 926 S.W.2d at 33).

Our Supreme Court has recently noted that "[t]his requirement is intended to eliminate error by allowing the trial court to rule intelligently and to avoid 'the delay, expense, and hardship of an appeal and retrial.'" ***Brown v. Brown***, SC93238, 2014 WL 946889 (Mo. banc Mar. 11, 2014) (quoting ***Pollard v. Whitener***, 965 S.W.2d 281, 288 (Mo.App. 1998)). This conservation-of-resources rationale applies at least equally, if not with greater force, in the context of an interlocutory appeal of an interlocutory order on a motion to suppress. Conversely, we fail to see any benefit or efficiencies gained by

---

[4] Generally, an argument raised for the first time on appeal is reviewed, if at all, only for plain error. ***State v. Trenter***, 85 S.W.3d 662, 670 (Mo.App. 2002) (citing ***State v. Isa***, 850 S.W.2d 876, 884 (Mo. banc 1993)). The State does not request plain error review and, in the absence of such a request, we decline to exercise our discretion to review for plain error. Because of the interlocutory nature of the order, *see* footnote 2, *supra*, the trial court retains the authority to reconsider its ruling on the motion to suppress should the State bring any alleged error, plain or otherwise, to its attention.

4

asking the trial court to grope around in the dark and speculate about all the possible constitutional claims and contentions that the parties may possibly assert in an interlocutory appeal.

Motions to suppress evidence routinely involve multiple complicated constitutional issues where "very different and sophisticated analysis is required for each type of [alleged] violation." *State v. Wilson*, 169 S.W.3d 870, 882 (Mo.App. 2005).[5] Requiring arguments and claims to be presented to the trial court first in order to preserve them for appellate review allows the trial court to rule intelligently on, and remediate if merited, all of those claims. Therefore, this appellate preservation requirement coupled with the trial court's freedom to reconsider its interlocutory ruling at any time before the challenged evidence is offered as evidence at trial minimizes the potential for the delay, expense, and hardship of an interlocutory appeal in the first instance. In addition, it fosters the full development of an adequate record and the making of alternative trial court findings that are conducive to the resolution of all claims and contentions in a single interlocutory appeal.

### Decision

Because none of the four points raised by the State in this appeal were presented to the trial court, none are preserved for appellate review. In the absence of any claim of error preserved for our review, we affirm the trial court's interlocutory order suppressing evidence.

GARY W. LYNCH, J. - Opinion author

---

[5] For example, the instant case in this Court took 146 pages of briefing involving the citation of more than 100 cases and 20 statutes just to address the issues raised by the State in its four points.

JEFFREY WAYNE BATES, P.J. - concurs

DON E. BURRELL, J. - concurs