# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2641

_____

United States of America

*Plaintiff - Appellee*

v.

Kyle G. Ashmore

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Western

_____

Submitted: March 15, 2024
Filed: July 12, 2024
[Unpublished]

_____

Before COLLOTON, Chief Judge, ERICKSON and KOBES, Circuit Judges.

_____

PER CURIAM.

Kyle Ashmore was convicted of several gun and drug charges after a police officer searched his car and found a pistol with destroyed serial numbers, psychedelic mushrooms, opioid pills, cocaine, and LSD. Ashmore moved to

suppress this evidence, arguing that it was fruit of an unconstitutional seizure. The district court[1] denied the motion, and we affirm.

Officer Jonathan Meyer was on patrol around 3:30 a.m. when he saw Ashmore and a female passenger parked behind a hotel just off the interstate. The car had paper plates and was backed into a remote space facing a U-Haul rental facility. Ashmore was reclined in the driver's seat with his eyes closed while the woman looked out the window. Officer Meyer thought the situation looked suspicious, so he blocked the two in with his squad car and started to approach on foot. Ashmore came to, and he and his companion quickly tried to get out of the car. Officer Meyer ordered them to stay inside and close the doors, but Ashmore's remained slightly ajar. In the tray of the interior door handle, Officer Meyer saw a small bag of what looked like marijuana. He removed Ashmore and the woman from the car, searched it, and found the gun and drugs.

Ashmore moved to suppress. He argued that Officer Meyer seized him by blocking his exit and that he lacked reasonable suspicion for the stop. See United States v. Tuley, 161 F.3d 513, 515 (8th Cir. 1998) (per curiam). The court disagreed, finding that the officer had an "objective and particularized basis" to seize Ashmore. United States v. LaGrange, 981 F.3d 1119, 1121 (8th Cir. 2020). We review the court's findings for clear error and its denial of the suppression motion *de novo*. Id.

Consistent with the Fourth Amendment, an officer may conduct an investigatory stop if he has "a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'" United States v. Sokolow, 490 U.S. 1, 7 (1989) (quoting Terry v. Ohio, 392 U.S. 1, 30 (1968)). He is entitled to draw "specific reasonable inferences . . . from the facts in light of his experience," but in the end, he must have more than an "inchoate and unparticularized suspicion or 'hunch.'" Terry, 392 U.S. at 27.

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

Officer Meyer encountered Ashmore under circumstances that reasonably raised his suspicions. He knew that the area around the hotel was prone to crime, especially between 3:00 and 5:00 a.m. Over the years, he had responded to reports of suspicious or stolen cars at the hotel and others nearby, to break-ins around the U-Haul, and to a handful of overdoses behind the wheel. He also knew that hotels near interstates are hotbeds for criminal activity like narcotics and sex trafficking. And he noticed that criminals involved in such activity often drive stolen cars with paper plates and try to evade police by parking behind hotels.

Considering the totality of the circumstances, Officer Meyer had the "minimal level of objective justification" necessary to stop Ashmore. Sokolow, 490 U.S. at 7 (citation omitted). Based on the position of the car and the early morning hour, he thought Ashmore and his passenger might have been planning to break into the U-Haul or acting as a getaway car. Their postures also suggested that the woman was performing sex acts on Ashmore. And if not that, Ashmore's position lying down with his eyes closed raised concern that he was under the influence of narcotics and either needed help or was a threat to others if he drove away.

Ashmore resists this commonsense conclusion. He says that there was no evidence that he committed a crime and that he was simply waiting to check into the hotel. But reasonable suspicion requires "considerably less than proof of wrongdoing by a preponderance of the evidence," id., and a finding that it exists "need not rule out the possibility of innocent conduct," United States v. Arvizu, 534 U.S. 266, 277 (2002).

We affirm the district court's judgment.

_____